NATALIE D. DU MAIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 91756. Filed May 10, 1963

Natalie D. Du Mais, pro se.
*Frederick A. Griffen*, for the respondent.

#### OPINION

PIERCE, *Judge:* The question here considered is whether this Court has jurisdiction of the petition filed herein, where: (1) The deficiencies and additions to tax involved were determined with respect to *joint returns* filed by husband and wife; (2) the notice of deficiency was issued only to the present petitioner who was one of the joint makers of said returns, without any notice whatever being issued at any time to the other joint maker of the returns; and (3) the notice of deficiency issued to the petitioner is neither a *single joint notice* nor a *duplicate original of a joint notice* of deficiency, within the meaning of section 6212(b)(2) of the 1954 Code and section 272(a)(1) of the 1939 Code.

This question was raised by the Court after a trial of the case, at which the petitioner appeared pro se and presented certain testimony. Thereafter, under date of March 15, 1963, the respondent filed with the Court a reply to the Court's order to each of the parties to show cause why the case should not be dismissed for lack of jurisdiction—which reply reads in part as follows:

After careful consideration of all the facts of the case, and the law as applicable to these facts, the respondent agrees with the Court that in this case the Tax Court lacks jurisdiction.

The petitioner, acting pro se as aforesaid, responded to said order to show cause, by submitting certain pertinent statements of fact, without attempting to comment on the present jurisdictional question.

1. The facts material to this jurisdictional question are as follows:

For each of the calendar years 1951 through 1954 here involved, Alcid and Natalie Du Mais, who were then husband and wife residing in Lewiston, Maine, filed a joint income tax return with the district director of internal revenue at Augusta, Maine. On each of these returns, they showed amounts of tax computed by them; and claimed credit against the same for payments theretofore made on their declarations of estimated tax.

In about July 1955, which was subsequent to the filing of said joint returns, Alcid and Natalie experienced marital difficulties; established separate residences apart from one another; and instituted proceedings for divorce. The divorce was thereafter granted and made effective on December 24, 1957, by order and decree of a court of competent jurisdiction.

At all times subsequent to their separation in July 1955, Alcid and Natalie continued to maintain separate residences. For each of the years 1955 through 1958, Natalie filed an individual income tax return with the above-mentioned district director, in which she showed her separate address to be 316 Webster Street, Lewiston, Maine; and Alcid, for each of the years 1955 and 1956, filed an individual income tax return with said district director, in which he showed his separate address to be 125 College Street, Lewiston, Maine. On December 31, 1957, Alcid married a second wife, Daisy Ireland; and for each of the years 1957 and 1958, he and Daisy filed a joint income tax return with said district director, in which they showed their address to be 245 Mon-Fello Street, Lewiston, Maine. Early in 1960, Alcid and Daisy moved their residence to Manchester, N.H. Natalie, during all this time, continued to maintain her residence, separate and apart from that of Alcid, at 316 Webster Street, Lewiston, Maine.

Some time shortly prior to June 6, 1960, a revenue agent attached to the office of said district director, conducted an examination of the joint income tax returns which Alcid and Natalie had filed for the years 1951 through 1954. In connection therewith, this revenue agent obtained from Alcid alone, a written Waiver of Restrictions on Assessment and Collection (Form 870) of the following deficiencies in income tax and the following additions to tax (therein designated as "penalties") :

| Taxable year | Deficiency | Penalty |
|---|---|---|
| 1951 | $1,367.96 | $683.98 |
| 1952 | 4,819.40 | 2,409.70 |
| 1953 | 9,834.04 | 4,917.02 |
| 1954 | 5,170.44 | 2,585.22 |
| 1955[1] | 3,567.03 | 1,783.52 |

[1] The above 1955 deficiency and penalty were determined with respect to the separate return which Alcid had filed for that year. All the other deficiencies and penalties above shown were determined with respect to the joint returns filed by Alcid and Natalie.

Said waiver was executed by Alcid, alone. Printed at the bottom thereof was the following notation affixed by the Treasury Department as part of its Form 870:

If executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, this form must be signed by both spouses unless one spouse, acting under a power of attorney, signs as agent for the other.

The revenue agent who procured this waiver from Alcid, called upon Natalie at her separate residence and requested her to sign the same; but she refused. Also she did not sign any power of attorney or otherwise authorize anyone to execute the same on her behalf; and accordingly the same was never signed by or for her. However, on September 2, 1960, the said district director assessed against Alcid the deficiencies and penalties listed in said waiver, which were all computed in respect of the joint returns of Alcid and Natalie for the years 1951 through 1954.

Attempts of the Government to collect the above-mentioned assessments from Alcid were unsuccessful. Thereafter, on January 9, 1961, the said district director, expressly acting on behalf of the Commissioner of Internal Revenue, issued the notice of deficiency to Natalie, which is here involved. In this notice he determined against her alone, deficiencies in income tax and additions to tax for the identical amounts and for the identical years, which he had previously assessed against Alcid. All these deficiencies and additions to tax were determined, as shown in the notice, with respect to the joint returns which Alcid and Natalie had filed as husband and wife; but they were determined against Natalie alone, without mention or adjustment for the amounts which had been so assessed. Said notice of deficiency, notwithstanding that it was based on the joint returns of Alcid and Natalie, was neither a *single joint notice of deficiency* nor a *duplicate original of a joint notice of deficiency*, within the meaning of section 6212(b)(2) of the 1954 Code and section 272(a)(1) of the 1939 Code.

The respondent has filed with this Court a written statement which includes the following:

No statutory notice of deficiency with respect to any income tax imposed on Alcide DuMais and Natalie D. DuMais [makers of the joint returns filed by them] for any of the years 1951 to 1954, inclusive, was issued to Alcide DuMais, either

as a duplicate original of a joint notice or as a separate notice or as a single joint notice. * * *

2. This Court has jurisdiction to redetermine the correct amount of a deficiency only where a petition for such redetermination has been timely filed, in respect of a "notice of deficiency authorized in section 6212 [of the 1954 Code or section 272(a)(1) of the 1939 Code]." See in this regard, sections 6213 and 6214(a) of the 1954 Code and section 272(a)(1) and (3) of the 1939 Code. And Congress, for reasons satisfactory to it, has specifically prescribed the uniform method which the Commissioner is "authorized" to employ in issuing notices of deficiencies. That method as set forth in the 1954 Code is as follows:

SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by * * * [subtitle A relating to income taxes], *he is authorized* to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) * * *

(2) JOINT INCOME TAX RETURN.—*In the case of a joint income tax return filed by husband and wife,* such notice of deficiency may be a *single joint notice,* except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, *in lieu of the single joint notice, a duplicate original of the joint notice shall be sent* by certified mail or registered mail *to each spouse* at his last known address. [Emphasis supplied.]

The cognate provisions of section 272(a)(1) of the 1939 Code are substantially the same.

Although the liability of a husband and wife for a deficiency in respect of a joint return filed by them is joint and several *after such liability has been established,* any such liability for a deficiency can be established only in the manner which Congress has specifically prescribed. In the instant case, the Commissioner attempted to establish joint and several liability for deficiencies in respect of joint returns, without issuing either a joint statutory notice of deficiency or duplicate originals of a joint notice to each spouse—and indeed, without giving any statutory notice whatsoever to one of the joint makers of the returns involved. This does not meet the requirements of the controlling statutes.

We agree with the previously mentioned statement or concession of the respondent that—

After careful consideration of all the facts of the case, and the law as applicable to these facts, the respondent agrees with the Court that in this case the Tax Court lacks jurisdiction.

*An order of dismissal will be entered.*