Charles G. Griebel, II v. Commissioner.
Griebel v. Commissioner
Docket No. 3176-63.
United States Tax Court
T.C. Memo 1965-210; 1965 Tax Ct. Memo LEXIS 121; 24 T.C.M. (CCH) 1092; T.C.M. (RIA) 65210; August 3, 1965
*121 1. Held, where taxpayer was joined as a party defendant in a state receivership proceeding involving the affairs of a corporation in which he had been a stockholder, the Commissioner was not precluded by Section 6871, I.R.C. 1954, from sending a notice of deficiency to the taxpayer in respect of his own income taxes, and this Court has jurisdiction over the petition filed by him to review such determination. 2. Held, where a husband and wife have filed a joint income tax return, the Commissioner may, in his discretion, send either (i) separate notices of deficiency to the taxpayers or (ii) a joint notice (or duplicate originals of a joint notice in specified circumstances). Marie A. Dolan, 44 T.C. , followed. Dennison L. Mitchell, 3900 Wisconsin Ave., N.W., Washington, D.C., and Thomas A. O'Neill, for the petitioners. Herbert A. Seidman, for the respondent. *123 RAUM
Memorandum Opinion RAUM, Judge: In a notice of deficiency dated April 8, 1963, and addressed to petitioner Charles G. Griebel, II, individually, the Commissioner determined a deficiency in income tax for 1958 in the amount of $64,931.90 plus a so-called five percent penalty in the amount of $3,242. The deficiency was based upon an adjustment that charged petitioner with having received a $115,459.38 dividend from Griebel Realty, Inc. That corporation was organized in 1956 and its stock was owned equally by petitioner, by Webster W. Griebel, petitioner's father, and by Webster D. Griebel, petitioner's brother. The transaction, upon the basis of which the deficiency was determined, was reported on petitioner's joint return for 1958 as a sale or exchange on December 22, 1958, on the theory that the corporation allegedly redeemed his entire one-third interest in its stock for a sales price of $115,459.38. The return computed and reported a capital gain in respect of that amount. The Commissioner determined that petitioner had received a taxable dividend. When the case was called for trial the parties filed a stipulation of facts and were prepared to present further *124 evidence directed to the issue whether the transaction in question was to be treated as a distribution of a taxable dividend or as the sale or exchange of a capital asset. During the course of the opening statements, however, serious questions were raised by the parties as to whether the Court had jurisdiction over this controversy. The parties undertook to file memoranda of law dealing with jurisdiction and they also filed a supplemental stipulation of facts relating to that problem. With the consent of the parties the Court indicated that it would dispose of the jurisdictional issue before hearing evidence on the merits. The facts set forth in the supplemental stipulation are as follows: Charles G. Griebel, II and Bertha J. Griebel are husband and wife. For the year 1958 they filed a joint income tax return with the District Director of Internal Revenue, Baltimore, Maryland. On January 24, 1962 Charles G. Griebel, II and Bertha J. Griebel executed a Consent Fixing Period of Limitation Upon Assessment of Income and Profits Tax whereby for the taxable year ended December 31, 1958 the period of assessment was extended to April 15, 1963. The joint income tax return of Mr. and Mrs. *125 Charles G. Griebel for the year 1958 was audited by employees of the Internal Revenue Service and it was determined that a deficiency in the amount of $64,931.90 existed with respect to this return. It was also determined that a delinquency penalty was due in the amount of $3,242.00. These deficiencies in tax and penalty form the basis of the instant proceeding. On July 24, 1962, Charles G. Griebel, II was named as a party defendant in a receivership proceeding instituted in Circuit Court No. 2, Baltimore, Maryland by Ruth Bixler, et al. The petitioners' bill of complaint requested, inter alia, that the Court pass an Order: (a) Appointing a receiver or receivers to manage and conduct and liquidate the affairs of Griebel Realty, Inc.; (b) Restraining the said Webster D. Griebel and Charles Griebel, II, from in any manner disposing of any of the assets of Griebel Realty, Inc. On August 13, 1962, the Baltimore City Circuit Court ordered that "Leonard J. Harmatz be and is hereby appointed receiver with the power and authority to take charge and possession of the goods, wares, merchandise, books, papers and effects of or belonging to the said Griebel Realty, Inc. and to collect *126 the outstanding debts due to the said Griebel Realty, Inc. and the said Webster D. Griebel and Charles Griebel, II are hereby required to yield up and deliver to said receiver the goods, wares, merchandise, books, papers and effects of the said Griebel Realty, Inc." Upon learning of the receivership proceeding in which Charles G. Griebel, II had been named as a party defendant, the District Director at Baltimore, Maryland, purportedly acting in accordance with Section 6871 of the Internal Revenue Code of 1954, made an immediate assessment against Charles G. Griebel, II, of the deficiencies in tax and penalty for the year 1958. The date of this assessment was December 21, 1962. On December 19, 1962, a statutory notice of deficiency was mailed to Bertha J. Griebel, individually. The notice of deficiency related to the year 1958 and asserted a deficiency in tax of $64,931.90 and a penalty under Section 6651(a) of the Internal Revenue Code of 1954 of $3,242.00. Bertha J. Griebel did not file a petition to the Tax Court within the 90-day period permitted by law, and as a result an assessment was made against her on April 19, 1963, in *127 the total amount of $68,173.90, exclusive of interest. When the receivership proceeding was instituted the complaining parties were under the impression that the charter of Griebel Realty, Inc. had been forfeited for nonpayment of taxes. Based on this, the complaining parties joined in the proceedings Webster D. Griebel and Charles G. Griebel, II as the last known directors and stockholders of Griebel Realty, Inc. The receiver appointed by the Circuit Court later learned that the charter of Griebel Realty, Inc. was revived on July 6, 1962. As a result the receiver filed a petition with the Court requesting that Webster D. Griebel and Charles G. Griebel, II be deleted as defendants in the proceeding. The Circuit Court on May 15, 1963 granted the receiver's petition and deleted as defendants in the proceeding Webster D. Griebel and Charles D. Griebel, II. On April 8, 1963, a notice of deficiency was mailed to Charles G. Griebel, II, individually. * * * [In that notice the Commissioner wrote: "In accordance with the provisions of existing internal revenue laws, notice is given that the determination of the joint and several income tax liability of Charles G. Griebel, II and Bertha *128 J. Griebel, husband and wife, for the taxable year ended December 31, 1958 discloses a deficiency in the amount of $64,931.90 and a penalty in the amount of $3,242.00."] On July 5, 1963, Charles G. Griebel, II, filed a petition with the Tax Court contesting the Commissioner's determinations which appeared in the notice of deficiency dated April 8, 1963. After discovering that no receiver had been appointed with respect to the personal estate of Charles G. Griebel, II, the District Director, on July 10, 1963, abated the December 21, 1962 assessment against Charles G. Griebel, II. Petitioner challenges the jurisdiction of this Court on two grounds, one based upon Section 6871 of the 1954 Code dealing with claims for income, estate, and gift taxes in bankruptcy and receivership proceedings, and the other upon Section 6212(b)(2) dealing with notices of deficiency in the case of a joint income tax return filed by husband and wife. We hold that neither of these points is valid. 1. At the time the notice of deficiency was sent to petitioner, April 8, 1963, he was a party defendant in a receivership proceeding instituted against Griebel Realty, Inc. He contends that under Section 6871 *129 of the 1954 Code [1] he was precluded from filing a petition with the Tax Court at that time, and therefore this Court has no jurisdiction to hear any proceeding stemming from the notice of deficiency dated April 8, 1963. *130 Without considering whether any possible defect existing at the time of sending the deficiency notice had been cured by the time petitioner filed his petition with this Court, [2] we are satisfied that Section 6871 has no application whatever to the present case. Section 6871 is concerned with bankruptcy or receivership proceedings against "any taxpayer", and not only provides for assessment of taxes but also spells out the relationship between adjudication of tax claims in such proceedings and the litigation of deficiencies in the Tax Court. However, Section 6871 plainly deals only with tax claims or deficiencies determined against the "taxpayer" that is the subject of the bankruptcy or receivership proceedings, which in this case was Griebel Realty, Inc., not the petitioner herein. Petitioner was merely a party defendant in such proceedings because of his supposed control over assets of Griebel Realty, Inc. There was *131 no effort to appoint a receiver over petitioner's assets, and no insolvency proceedings were instituted against him. Petitioner was not the "taxpayer" within the meaning of Section 6871. Plainly, Section 6871 has no application to the assessment of any taxes against petitioner nor does it in any way govern any petition that he may file with this Court contesting a determination of deficiency against him. 2. Petitioner argues next that this Court is without jurisdiction because he and his wife had filed a joint return for 1958 and the notice of deficiency, which was addressed to him individually, failed to comply with the requirements of Section 6212(b)(2) of the 1954 Code. [3] Regardless of whether any such alleged defect is jurisdictional in character, there was full compliance with the statutory requirements relating to notice of deficiency. *132 The statute neither prohibits the sending of a separate notice to one of the spouses nor does it require the sending of a joint notice. In specific terms it states that in the case of a joint return the notice of deficiency "may" be a single joint notice, except that if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice a duplicate original "shall" be sent to each spouse. Thus, the statute makes clear that the Commissioner may send either separate notices or a joint notice, but if he sends a joint notice and has been notified that the spouses have separate residences he must send duplicate originals of the joint notice to both spouses. Marie A. Dolan, 44 T.C. 420. The statute nowhere forbids the Commissioner from sending separate notices to each spouse. Indeed, where there is no deficiency outstanding as to one spouse, as, for example, where the deficiency has already been assessed as to that spouse, it would be wholly inappropriate, as well as improper, to send a joint notice of deficiency. The statute is permissive in respect of whether the Commissioner is to send a joint or separate *133 notice; it imposes an obligation upon him to send duplicate joint notices under specified circumstances only where he has elected to send a joint notice in the first place. That this is so is confirmed by the legislative history of these provisions. Section 6212(b)(2) has its origin in Section 272(a) of the Revenue Act of 1938. And the report of the House Ways and Means Committee which proposed these provisions explained them as follows (H. Rept. No. 1860, 76th Cong., 3d Sess., p. 48): To conform to section 51(b) of the bill, which expressly provides for joint and several liability in the case of a husband and wife who file a joint return, express provision is made in section 272(a) of the bill for the sending of a joint notice of deficiency if the Commissioner in his discretion desires to send a joint notice instead of separate notice of the deficiency. This accords with the established procedure under the Revenue Act of 1936 and prior acts. The committee feels, however, that, in the interests of fairness, an exception to such established procedure should be made in cases where, subsequent to the filing of the joint return and prior to the notice of deficiency, the spouses have *134 established separate residences and notice of such fact has been given to the Commissioner. The last sentence of section 272(a) of the bill accordingly provides that a single joint notice may be sent in the general case but that, if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, duplicate originals must be sent by registered mail to each of the spouses at his last known address. (Italics supplied.) This report removes any doubt as to the scope of the statute. It makes provision for the sending of a joint notice "if the Commissioner in his discretion desires to send a joint instead of separate notices of the deficiency"; but in the interest of fairness it requires that duplicate originals of such joint notice be sent in specified circumstances. Plainly, the statute was not intended to require joint notices in all circumstances. Marie A. Dolan, supra. Petitioner's objection to the jurisdiction of the Court on this ground is based upon Natalie D. Du Mais, 40 T.C. 269. However, subsequent to the calling of the present case for trial and the filing of briefs herein, *135 the Du Mais decision was explicitly overruled by the Court in Marie A. Dolan, supra.
The motion to dismiss for lack of jurisdiction will be denied and the case will be set for hearing on the merits. Footnotes
1. SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS. (a) Immediate Assessment. - Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. (b) Claim Filed Despite Pendency of Tax Court Proceedings. - In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of the bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.↩
2. The petition herein was filed July 5, 1963, at a time when petitioner no longer was a party in the insolvency proceeding. The supplemental stipulation discloses that on May 15, 1963, the state court "deleted" petitioner as a defendant in that proceeding.↩
3. SEC. 6212. NOTICE OF DEFICIENCY. (a) In General. - If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail. (b) Address For Notice Of Deficiency. - (1) Income and Gift Taxes. - In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by chapter 1 or 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of such chapter and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. (2) Joint Income Tax Return. - In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by registered mail to each spouse at his last known address.↩