EDWARD J. CAMOUS AND JEANNE C. CAMOUS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3023–76. Filed January 26, 1977.

*Sherin V. Reynolds* and *J. Daniel Sagarin,* for the petitioners.

*Willard J. Frank,* for the respondent.

SCOTT, *Judge:* On November 14, 1975, respondent mailed, by certified mail, a notice of deficiency addressed to Mr. Edward J. Camous and Mrs. Jeanne C. Camous, RD 1 Branchville Road, Ridgefield, Conn. 06877, determining deficiencies in income tax for the taxable years ended December 31, 1968, 1969, and 1970 in the amounts of $547.11, $19,407.77, and $1,743.03, respectively, and additions to tax under section 6653(b), I.R.C. 1954,[1] for these years in the respective amounts of $273.56, $9,703.89, and $871.52.

On April 9, 1976, a petition was filed in the names of Edward J. Camous and Jeanne C. Camous seeking a redetermination of the deficiencies set forth in the notice dated

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

November 14, 1975. On June 10, 1976, respondent filed a motion to dismiss this petition for lack of jurisdiction as to Jeanne C. Camous and to change caption and to strike as to Jeanne C. Camous on the ground that the petition was not filed within the 90-day period prescribed by section 6213(a) and that Jeanne C. Camous was residing in Ridgefield, Conn., at the time the notice of deficiency was mailed. On July 19, 1976, petitioner Jeanne C. Camous filed objections to respondent's motion to dismiss for lack of jurisdiction and to strike as to Jeanne C. Camous. Petitioners on July 19, 1976, filed a motion to dismiss for lack of jurisdiction as to subject matter. The ground of petitioners' motion to dismiss for lack of jurisdiction as to subject matter is that a duplicate original of the joint notice of deficiency should have been sent to each spouse. In petitioners' motion it is alleged that prior to the time the joint notice of deficiency was mailed to Mr. and Mrs. Camous jointly, the Secretary of Treasury or his delegate had been advised by petitioners that they were maintaining separate residences.

A hearing on respondent's motion and petitioners' motion was held at Bridgeport, Conn., on October 18, 1976. At the hearing evidence was received with respect to petitioners' allegation that notice had been given to the Secretary or his delegate that Mr. and Mrs. Camous were maintaining separate residences prior to the date of the mailing of the notice of deficiency.

The issues to be decided are:

(1) Was the notice of deficiency issued by respondent a valid notice within the requirements of section 6212(b); and

(2) If the notice of deficiency constituted a valid notice under section 6212(b), was a timely petition filed with this Court by Jeanne C. Camous.

### FINDINGS OF FACT

The petition in this case alleges that petitioner Edward J. Camous resides at 14 Gainsborough Place, Barrow-in-Furness, Cambria, LA145DH, England, and petitioner Jeanne C. Camous resides at Branchville Road in Ridgefield, Conn.

Prior to September 10, 1975, Edward J. Camous and Jeanne C. Camous were residing at RD 1 Branchville Road, Ridgefield, Conn. On September 10, Mr. Camous left the

residence in Ridgefield, Conn., and went to England. At the time of the hearing on these motions, Mr. and Mrs. Camous were divorced and Mr. Camous was living in Westport, Conn., and Mrs. Camous in Ridgefield, Conn.

In June 1975 Mr. Camous was convicted of income tax evasion in the U.S. District Court at New Haven, Conn. Mrs. Camous was not involved in that action. Revenue Agent Michael Larry Gross had assisted Special Agent Finnegan in the investigation of Mr. Camous' tax liability prior to the institution of the criminal action against Mr. Camous. Revenue Agent Gross had closed this joint investigation with Special Agent Finnegan on November 10, 1972.

On July 25, 1975, the file with respect to the income tax liability of Mr. and Mrs. Camous for the years 1968, 1969, and 1970 was returned to Revenue Agent Gross. Revenue Agent Gross was informed that Mr. Camous had served the prison term he received for his conviction of income tax evasion and that the case was ready for handling with respect to the civil tax liability. Revenue Agent Gross was stationed in the latter half of 1975 in the Danbury, Conn., Office of the District Director of Internal Revenue for Connecticut. He contacted an attorney who, according to the file, was representing Mr. Camous but was informed by this attorney that he had dropped out of the case. Revenue Agent Gross then contacted Mrs. Camous and Mrs. Camous informed him that she had another attorney. Revenue Agent Gross met with this attorney and Mrs. Camous in the attorney's office on September 23, 1975. At that meeting, Revenue Agent Gross stated that it would be necessary for Mr. Camous to sign the power of attorney for the new attorney in the case and inquired as to where Mr. Camous could be contacted. Mrs. Camous told Revenue Agent Gross that her husband had left her again or had gone again and could be anywhere in Europe or could be in England. Mrs. Camous was very upset at the time. In the transmittal letter of his report, Revenue Agent Gross made the following statement: "On 9–23–75, an interview was held with Mrs. Camous and her attorney Richard T. Fricke, Esq. P.O. Box 282 Ridgefield, Connecticut. No power of attorney could be secured from Atty Fricke since Mr. Camous cannot be located for his signature."

On June 27, 1975, a letter signed by the District Director, Internal Revenue Service, was sent to Mr. and Mrs. Edward J. Camous, RD 1 Branchville Rd., Ridgefield, Conn. 06877. On the right-hand side at the top of the letter, the tax period was shown as the years ended December 31, 1968 and 1971, and the subject matter of the letter was stated to be consents extending the statute of limitation for assessment of tax. Under the designation "Person to Contact" on this same portion of the letter appeared the name Patrick J. Thibodeau and a telephone number. This letter stated that there was enclosed "for your records" a copy of consent forms extending to June 30, 1976, the time in which to assess tax.

In June of 1975, Mr. Thibodeau was an internal revenue agent stationed in the review staff in Hartford, Conn. One of the functions he performed in this capacity was to solicit consent forms extending the statute of limitations with respect to the tax liability of individual taxpayers. He had sent the letter soliciting such forms from Mr. and Mrs. Camous for the years 1968 and 1971 extending the statute of limitations for assessment of tax to June 30, 1976. Mr. and Mrs. Camous had executed the consent forms and returned them to the Internal Revenue Service. Prior to November 14, 1975, Mrs. Camous had called Revenue Agent Thibodeau stating that she wanted to know the amount of the tax she and her husband would owe and what steps would be taken to collect it. During the course of this conversation, Mrs. Camous mentioned to Revenue Agent Thibodeau that she and her husband were separated.

Revenue Agent Thibodeau made no memorandum or notation with respect to his telephone conversation with Mrs. Camous. It was his ordinary practice when he received a telephone call to make a note of the call and place the note in the file if he had the file in his possession. However, when Revenue Agent Thibodeau did not have the file of the taxpayer who called in his possession he would not make a notation of the telephone call to send to the file. Revenue Agent Thibodeau had held the file with respect to Mr. and Mrs. Camous until after the criminal prosecution was concluded. After the conclusion of that prosecution he had returned the Camous' file to the group in which Revenue

Agent Gross worked in order that an agent in that group could handle the civil liability aspects of the case.

On September 24, 1975, the Chief Assistant United States Attorney, Bridgeport, Conn., addressed a letter to Mr. Camous at the following address:

> Mr. Edward J. Camous
> c/o Mrs. E. Silversides
> 14 Gainsborough Place
> Barrow-in-Furness
> Cambria, England

This letter concerned arrangements for payment by Mr. Camous of the $1,000 fine imposed on him by the United States District Court for the District of Connecticut.

The notice of deficiency mailed by respondent on November 14, 1975, by certified mail, was in an envelope addressed as follows:

> Mr. Edward J. Camous and
> Mrs. Jeanne C. Camous
> RD 1 Branchville Road
> Ridgefield, CT 06877

This notice was issued from the Hartford, Conn., Office of the District Director of the Internal Revenue Service. In the upper right-hand portion of this letter above its body appears the following:

> Person to Contact:
> Thomas F. Murphy
> Contact Telephone Number:
> 244–3060

The envelope bore certificate No. 131,364. The envelope containing the notice of deficiency was not delivered to either Mr. or Mrs. Camous. On November 17, 1975, a "Notice of Mail Arrival or Attempted Delivery" listing article No. 131,364 was left in Mrs. Camous' mailbox on Branchville Road, Ridgefield, Conn. Under "Name and Address" on this notice the following appeared:

> Mr. E. J. Camous
> Branchville Rd 06877

At the top of the notice form the following appeared:

COME FOR MAIL IN
PERSON AFTER
*3:00* p.m. *11/17/75*
    (Date)

Bring this notice—
Identification and signature
required.

REQUEST RE-
DELIVERY—Notify your
carrier or post office.

Mrs. Camous took the notice to the post office and asked the clerk for the certified article and was informed by the clerk that it could not be delivered to her since the name and address shown on the notice was her husband's. Mrs. Camous did not further question the clerk as to why she could not receive delivery of the certified article in accordance with the statement on the notice. Previously a notice of certified mail addressed to her husband had been received in her mailbox and she had been refused delivery of the article. Since the "Notice of Mail Arrival or Attempted Delivery" of article No. 131,364 was not marked in the space provided on the form for "Deliver to Addressee Only," the postal clerk was in error in refusing to deliver the article to Mrs. Camous.

Later, a second notice was left in Mrs. Camous' mailbox with respect to certified mail article No. 131,364. Mrs. Camous called the post office with respect to the second notice, which also showed as the addressee only Mr. Camous, and was told that since the article was addressed to Mr. Camous it could not be delivered to her. On December 9, 1975, the post office returned the envelope addressed to Mr. Edward J. Camous and Mrs. Jeanne C. Camous at Ridgefield, Conn., to the Internal Revenue Service in Hartford, Conn., with the notation "Unclaimed."

On December 1, 1975, Mr. Camous wrote a letter from Barrow-in-Furness, Cambria, England, to a probation officer at Bridgeport, Conn. This letter, among other things, requested the probation officer to find out for Mr. Camous what had been done with respect to his civil tax liability. Under date of January 20, 1976, the probation officer forwarded a copy of this letter to the District Director, Internal Revenue Service, Hartford, Conn. Under date of January 29, 1976, the Chief of Audit Division in the Office of

the District Director, Internal Revenue Service, Hartford, Conn., wrote a letter to Mr. Camous in Barrow-in-Furness, Cambria, England, in reply to his letter of December 1, 1975, requesting the status of the examination of his income tax returns for the years 1968 through 1970. The letter from the Chief of the Audit Division stated, in part:

On November 14, 1975 we issued by certified mail a statutory notice of deficiency to Mr. Edward J. Camous and Mrs. Jeanne C. Camous, RD 1 Branchville Road, Ridgefield, Connecticut. This notice was subsequently returned to us by the Post Office as unclaimed. A copy of it is enclosed.

A copy of the notice of deficiency dated November 14, 1975, was enclosed with this letter. The letter further advised Mr. Camous that the law required that after 90 days from the mailing of the statutory notice, or 150 days if "it is addressed to you" outside the United States, the deficiencies would be assessed unless within this period a petition was filed with the United States Tax Court. The letter informed Mr. Camous that if he intended to file a petition with the Tax Court it must be done within the statutory period. After the original mailing on November 14, 1975, no copy of the deficiency notice was mailed to Mrs. Camous at Branchville Road, Ridgefield, Conn.

On March 29, 1976, respondent assessed the deficiencies and additions to tax for the years 1968, 1969, and 1970 determined in the notice of deficiency mailed November 14, 1975, together with interest, against Edward J. and Jeanne C. Camous and sent them notice of the assessment and demand for payment at "RD 1 Branchville Rd Ridgefield, Ct 06877."

### OPINION

Section 6212[2] provides that if the Secretary determines that there is a deficiency with respect to an income tax he is

---

[2] SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 42, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—
* * *

(2) JOINT INCOME TAX RETURN.—In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

authorized to send notice of such deficiency to the taxpayer by certified or registered mail and in case a joint income tax return has been filed by husband and wife such notice of deficiency may be a single joint notice "except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address."

Section 301.6212–1, Income Tax Regs., provides[3] that "If a joint income tax return has been filed by husband and wife, the district director (or assistant regional commissioner, appellate) may, unless the district director for the district in which such joint return was filed has been notified by either spouse that a separate residence has been established, send either a joint or separate notice of deficiency to the taxpayers at their last known address." This regulation further states that if the proper District Director has been notified by either spouse that a separate residence has been established, a separate notice of deficiency, "that is, a duplicate original of the joint notice," must be sent by registered or certified mail to each spouse at his or her last known address and that the notice of separate residences should be addressed to the District Director for the district in which the joint return was filed.

---

[3] Sec. 301.6212–1 Notice of deficiency.

(b) *Address for notice of deficiency*—(1) *Income and gift taxes.* Unless the district director for the district in which the return in question was filed has been notified under the provisions of section 6903 as to the existence of a fiduciary relationship, notice of a deficiency in respect of income tax or of gift tax shall be sufficient if mailed to the taxpayer at his last known address, even though such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

(2) *Joint income tax returns.* If a joint income tax return has been filed by husband and wife, the district director (or assistant regional commissioner, appellate) may, unless the district director for the district in which such joint return was filed has been notified by either spouse that a separate residence has been established, send either a joint or separate notice of deficiency to the taxpayers at their last known address. If, however, the proper district director has been so notified, a separate notice of deficiency, that is, a duplicate original of the joint notice, must be sent by registered mail prior to September 3, 1958, and by either registered or certified mail on and after September 3, 1958, to each spouse at his or her last known address. The notice of separate residences should be addressed to the district director for the district in which the joint return was filed.

Petitioners here take the position that Mrs. Camous had given proper notice to the Secretary or his delegate prior to November 14, 1975, that she and Mr. Camous were maintaining separate residences and that therefore she was entitled to receive, addressed to her alone, a duplicate original of the notice of deficiency. Her position is that, since neither a separate notice of deficiency was sent to her nor an envelope addressed only to her containing a duplicate original of the joint notice, the notice was invalid with respect to her and therefore her case should be dismissed because of lack of jurisdiction by this Court of the subject matter.[4]

Respondent argues that no proper notice had been given to the Secretary or his delegate prior to the time the notice of deficiency was issued that Mr. and Mrs. Camous were maintaining separate residences. Part of respondent's argument is based on his position that, in order to provide proper notice that the spouses are maintaining separate residences, the statute and regulations require that the Secretary or his delegate be furnished with the separate address of each spouse. Respondent states that the record here shows that no separate address for Mr. Camous had been furnished to any representative of respondent by either Mr. or Mrs. Camous. In our view there is nothing in the statute or regulations to require the spouse giving notice of separate residences of the spouses to furnish the residence of the other spouse. The spouse giving the notice might be totally unable to furnish information as to the present residence of the other spouse. The statute and regulations only require that the Secretary or District Director for the district in which the return was filed be notified "by either spouse" that separate residences have been established. Therefore, in our view, the question initially

---

[4] Initially the motion to dismiss was apparently with respect to both Mr. and Mrs. Camous but at the hearing was limited only to Mrs. Camous. Petitioners on brief conceded that the notice of deficiency was mailed to Mr. Camous' last known address and that, since he actually received the notice in time to file a timely petition with this Court, the purposes of sec. 6212(b)(2) have been satisfied as to Mr. Camous. Obviously, a party by agreement or concession cannot confer jurisdiction on this Court. However, because of our disposition of this case with respect to Mrs. Camous' contentions, it follows that the notice of deficiency was valid as to both Mr. and Mrs. Camous and, therefore, we are not faced with the question of whether a joint notice of deficiency mailed jointly to a husband and wife could properly be held valid as to one and invalid as to the other.

to be decided in this case is whether the statements made by Mrs. Camous to Revenue Agent Gross and Revenue Agent Thibodeau were sufficient to constitute notice to the District Director for the district in which the joint income tax return of Mr. and Mrs. Camous was filed that separate residences had been established by Mr. and Mrs. Camous. If we decide that the notice required by the statute had not been given to the proper District Director in accordance with the requirements of the statute and regulations, it is clear that a valid notice of deficiency was issued to Mrs. Camous and we need not consider the other arguments made by the parties with respect to petitioners' motion.

Neither party has called our attention to a case dealing specifically with how proper notice under section 6212(b)(2) should be given. Petitioners in their argument assume that Mrs. Camous had given notice in accordance with the requirement of the statute that she and Mr. Camous were maintaining separate residences, and respondent merely calls petitioners' position "absurd."[5]

Respondent relies on *Edward A. Kenney,* 37 T.C. 1161 (1962), in which we held a notice addressed to a husband and the estate of his deceased wife to be a valid notice. In reaching the conclusion that the notice was valid, we pointed out that there was no showing that either spouse ever notified the District Director that separate residences had been established and, in fact, separate residences had never been established, but the wife had merely ceased to have a residence on her death. In our view, the *Kenney* case is of little assistance here.

Since we have found no case dealing with what is necessary to constitute notice of separate residences of spouses under section 6212(b)(2), we have considered some of the cases

---

[5] Petitioners rely on *Natalie D. Du Mais,* 40 T.C. 269 (1963), which dealt with our jurisdiction where a notice of deficiency was issued to the wife alone after assessment of tax against the husband who had signed a waiver on assessment and collection. This case was overruled in *Marie A. Dolan,* 44 T.C. 420, 435 (1965). However, neither the *Du Mais* nor the *Dolan* case has any bearing on the issue of what is proper notification by a spouse that the two spouses are living apart. Petitioners apparently rely on the *Du Mais* case to argue that if their motion is granted respondent would be barred from sending a valid notice of deficiency to Mrs. Camous after entry of the dismissal order. While clearly under our holding in the *Dolan* case this interpretation of the law is incorrect, we do not here reach the issue.

dealing with notice of fiduciary relationship under section 6903[6] and with last known addresses of taxpayers to which notices of deficiency are directed.

Section 6903, in general, provides that when a person gives notice to the Secretary that he is acting in a fiduciary capacity, he shall assume the powers, rights, duties, and privileges of such other person in respect to the imposition of income and other taxes until notice that the fiduciary capacity has terminated and that the notice to be given shall be in accordance with regulations prescribed by the Secretary.

In *Estate of Ernest Clarke*, 54 T.C. 1149, 1169 (1970), we held that notice of fiduciary relationship set forth in a refund suit which was being handled by the Department of Justice was not sufficient notice to comply with section 6903(a), and we stated: "the U.S. Government is not a monolith, and notice to one agency of the Government—here, the Department of Justice, which has exclusive authority to defend refund suits—is not notice to another governmental agency."[7] In the instant case a statement by Mrs. Camous to Revenue Agent Thibodeau in a telephone conversation when he was no longer charged with the case of the Camouses, and when Mrs. Camous knew that he was not since she had had a conference with respect to the case with Revenue Agent Gross, could no more be considered notice to the District Director in Hartford, Conn., than could a statement in a refund suit.

In *David Krueger*, 48 T.C. 824, 832 (1967), we pointed out in connection with section 6903 that knowledge by some representative of respondent of termination of a fiduciary relationship did not constitute the notice of termination of fiduciary relationship required by section 6903.

---

[6] SEC. 6903. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary or his delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

(b) MANNER OF NOTICE.—Notice under this section shall be given in accordance with regulations prescribed by the Secretary or his delegate.

[7] This holding which is equally applicable to sec. 6212(b) disposes of any argument petitioners may be making that because the Chief Assistant United States Attorney knew an address for Mr. Camous in England the District Director of Internal Revenue should have known of this address.

In cases involving whether a notice of deficiency has been mailed to the last known address of a taxpayer, it has been held that some formal notice of a change of address must be given to the Office of the District Director with whom the return was filed in order for the Secretary or his delegate to be required to send a notice of deficiency to the new address. Certainly as great a burden to give proper notice exists with respect to the requirement of the statute that notice be given that spouses are maintaining separate residences. In *Clark's Estate v. Commissioner,* 173 F.2d 13 (2d Cir. 1949), affg. *Estate of Henry W. Clark,* 10 T.C. 1107 (1948), the court held no proper notice of an address other than the New York address shown on the estate tax return had been given by the executrix. The facts there showed (1) that the executrix of an estate had stated a residence in Boston, Mass., on her personal income tax returns for 3 years; (2) that in a letter referring to a gift tax on a gift she made as an individual she had explicitly asked the Commissioner to note the new Boston address; (3) that the Boston address appeared on a letter to an internal revenue agent in New York with respect to the personal gift tax; (4) that in an affidavit filed by her in connection with the estate tax she had stated she resided in Boston; and (5) that her lawyers, in requesting an extension of time to file a protest, had stated that the protest had been delayed because the executrix now resided in Boston. The court stated that these facts were insufficient to inform the Commissioner that a notice of deficiency to her as executrix should be sent to an address other than that shown in the original estate tax return. In concluding that none of these acts were sufficient to constitute notice to the Commissioner of a change of address as executrix of the estate, the court pointed out that the Commissioner could not be expected, in dealing with the estate tax, to consider communications with the executrix with respect to her personal gift and individual taxes, "Considering the administrative difficulties involved in the discharge of the Commissioner's duties."

In *Luhring v. Glotzbach,* 304 F.2d 556 (4th Cir. 1962), it is pointed out that a notice of deficiency sent to the address last known to the appropriate agent in the Office of the District Director in which the taxpayer's return for the year involved had been filed was a proper address for the notice of

deficiency. In reaching this conclusion, the court pointed out that the vast domain over which the Commissioner as delegate of the Secretary of the Treasury presides in the performance of his duties, and the numerous tax officials a taxpayer may encounter from time to time, would make any other rule unreasonable and unworkable.

In our view some vague reference made by Mrs. Camous to a revenue agent with respect to her husband having left her and her not knowing her husband's address does not constitute notice under section 6212(b) that Mrs. Camous and her husband were maintaining separate residences. Certainly a statement of Mrs. Camous in a telephone conversation with a revenue agent who was not at the time charged with the case, that she and her husband were separated, does not constitute the notice required by section 6212(b). We need not here decide exactly what actions would constitute a proper notice under section 6212(b) and the regulations issued pursuant thereto. Suffice it to say that at a minimum the notice must be sufficiently clear to inform an appropriate official in the Office of the proper District Director that notice of separate residences was being given in order that correspondence with respect to tax matters may be separately sent to each of the spouses. Cf. *Gennaro A. Carbone*, 8 T.C. 207 (1947).

Respondent takes the position that if we hold that the notice of deficiency issued jointly to Mr. and Mrs. Camous at their last known address was a valid notice of deficiency with respect to Mrs. Camous, it follows that the petition should be dismissed as to her. Respondent points out that Mrs. Camous was residing in the United States at the time the notice of deficiency was mailed. Respondent states that Mr. Camous' petition is timely since he was outside the United States at the time the notice of deficiency was issued to him. Respondent recognizes that under our holding in *Estate of William Krueger*, 33 T.C. 667 (1960), even if Mr. Camous was temporarily outside the United States at the time the notice was mailed, a petition filed by him within 150 days from the date the notice was mailed is timely filed.

This Court has not had occasion to determine the issue of whether the 150-day period for filing of a petition is applicable to both spouses where a joint notice is issued to them and only

one of them is outside the United States when the notice is mailed. In *Jules Cowan*, 54 T.C. 647, 651 (1970), in considering whether the husband-taxpayer was outside the United States on the date of the mailing of the notice of deficiency, we stated:

> Respondent contends that since there is no showing that Yetta Cowan was outside of the United States on May 7, 1969, the petition should be dismissed as to her in any event. Petitioner, Jules Cowan, who was the only petitioner appearing at the trial, makes no contention to the contrary but in effect agrees that the petition should be dismissed as to Yetta Cowan. * * *

We did not reach the problem of determining whether respondent's position, even though not contested by the taxpayers, was valid in *Jules Cowan, supra,* since we concluded on the basis of the evidence presented that Jules Cowan was not outside the United States on the date of the mailing of the notice of deficiency and therefore held that we lacked jurisdiction of the case with respect to both taxpayers.

Section 6213(a)[8] states that within 90 days, "or 150 days if the notice is addressed to *a person* outside the States," after the mailing of the notice of deficiency authorized in section 6212 "*the taxpayer* may file a petition" with the Tax Court for a redetermination of the deficiency. (Emphasis supplied.) Under the literal language of this section, if a joint notice is sent and either person is outside the United States then "the taxpayer," which should refer to any taxpayer filing a petition from that notice, may file a petition within 150 days from the date of the mailing of the notice. From the literal language of section 6213(a) it would follow that, where a joint notice of deficiency is sent to a husband and wife, both the husband

---

[8] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

and wife would have the 150 days within which to file a petition if either of them was out of the country when the joint notice of deficiency was mailed. The use of "a person" to whom the notice is addressed being outside the United States as compared to the use of the words "the taxpayer" would clearly indicate that if either person is outside the United States both would have the 150-day period within which to file a petition.

Respondent, however, argues that, since a husband and wife are separate and distinct taxpayers who may file separate petitions as well as a joint petition, it follows that if a joint notice is sent to a husband and wife and one of the spouses is at the time the notice is mailed within the United States and one without, then the 90-day period within which to file applies to the one within the United States and the 150-day period applies to the one outside the United States. In our view, considering the literal words of the statute, as well as its purpose, it does not follow because of the husband and wife being separate taxpayers, each of whom must file a petition within the statutory period to come within the jurisdiction of this Court, that the 150-day period is not to apply to both of them where one of the taxpayers is "a person" residing outside the United States at the time the deficiency notice is mailed.

As we pointed out in *Degill Corp.*, 62 T.C. 292, 297 (1974), the purpose of the 150-day period is to assist taxpayers who reside in territories, insular possessions, or foreign countries. It is more likely that delay will occur in these taxpayers' receiving the notice of deficiency, and certainly more time is needed to file a petition because of the physical presence of these taxpayers outside the United States. Where a joint notice is sent to a husband and wife and one of them is outside the United States, the need for extra time would exist as to both spouses if they desired to file a joint petition. Certainly they could file separate petitions and have the cases consolidated for trial. However, in many instances where one spouse is primarily responsible for generating the income that produces the deficiency, the other spouse might have great difficulty in filing a proper petition with no consultation with the other spouse. If the spouse who has the knowledge of the facts with respect to the income is the spouse outside the

736

United States, then the reason for allowing the extra time for filing of the petition is applicable to both spouses. Considering the literal language of section 6213(a), as well as the purpose of the statute, we conclude that since Mr. Camous was outside the United States at the time of the mailing of the notice of deficiency, both Mr. and Mrs. Camous had 150 days within which to file a timely petition and, therefore, the petition filed in this case is timely as to both Mr. and Mrs. Camous.

For the reasons hereinabove stated, petitioners' motion to dismiss for lack of jurisdiction as to subject matter will be denied, and respondent's motion to dismiss for lack of jurisdiction as to Jeanne C. Camous and to change title and to strike allegations as to Jeanne C. Camous will be denied.

*An appropriate order will be entered.*