FERNANDA BRUNNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brunner v. Commissioner
Docket No. 21027-82.
United States Tax Court
T.C. Memo 1983-525; 1983 Tax Ct. Memo LEXIS 260; 46 T.C.M. (CCH) 1208; T.C.M. (RIA) 83525; August 25, 1983. James A. Thompson, for the petitioner. Ray K. Kamikawa, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner filed a written objection to respondent's motion and a hearing thereon was held. Respondent contends that the petition was not filed within the period prescribed by section 6213(a). [1] The parties have represented to the Court that their statements of the facts at the hearing herein are accurate and that no facts are in dispute. *261 Fernanda Brunner (hereinafter petitioner) and her husband, Mario Brunner, filed joint income tax returns for the calendar years 1976 and 1978. Duplicate joint statutory notices of deficiency were timely mailed to petitioner ane Mario Brunner by certified mail at 300 Carlos Avenue, Redwood City, California 94061. Mario Brunner was outside of the United States at the time of the mailing of said joint statutory notices and only Fernanda Brunner, the petitioner herein, has filed a petition in this Court. The petition was hand-delivered to the Court on the 91st day after the mailing of the duplicate joint statutory notices of deficiency, and the only viable issue therefore is whether petitioner may have the benefit of the 150-day provision provided for by section 6213(a). In Camous v. Commissioner,67 T.C. 721 (1977), we dealt with this precise problem and stated (supra at 734-736): Section 6213(a) states that within 90 days, "or 150 days if the notice is addressed to a person outside the States," after the mailing of the notice of deficiency authorized in section 6212 "the taxpayer may file a petition" with the Tax Court for a redetermination of the *262 deficiency. (Emphasis supplied.) Under the literal language of this section, if a joint notice is sent and either person is outside the United States then "the taxpayer," which should refer to any taxpayer filing a petition from that notice, may file a petition within 150 days from the date of the mailing of the notice. From the literal language of section 6213(a) it would follow that, where a joint notice of deficiency is sent to a husband and wife, both the husband and wife would have the 150 days within which to file a petition if either of them was out of the country when the joint notice of deficiency was mailed. The use of "a person" to whom the notice is addressed being outside the United States as compared to the use of the words "the taxpayer" would clearly indicate that if either person is outside the United States both would have the 150-day period within which to file a petition. * * * * * * Where a joint notice is sent to a husband and wife and one of them is outside the United States, the need for extra time would exist as to both spouses if they desired to file a joint petition. Certainly they could file separate petitions and have the cases consolidated for *263 trial. However, in many instances where one spouse is primarily responsible for generating the income that produces the deficiency, the other spouse might have great difficulty in filing a proper petition with no consultation with the other spouse. If the spouse who has the knowledge of the facts with respect to the income is the spouse outside the United States, then the reason for allowing the extra time for filing of the petition is applicable to both spouses. Considering the literal language of section 6213(a), as well as the purpose of the statute, we conclude that since Mr. Camous was outside the United States at the time of the mailing of the notice of deficiency, both Mr. and Mrs. Camous had 150 days within which to file a timely petition and, therefore, the petition filed in this case is timely as to both Mr. and Mrs. Camous. [Fn. ref. omitted.] Respondent attempts to distinguish Camous v. Commissioner,supra, principally upon the ground that a joint petition was filed in that case. We believe that Camous and the instant case are indistinguishable; consequently, respondent's motion to dismiss for lack of jurisdiction is denied. An appropriate *264 order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩