ABE WEINROTH AND ELEANOR E. WEINROTH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7531–79.     Filed May 27, 1980.

---

*Mark Chazin,* for the petitioners.
*Francis J. Strapp* and *Bernard Mark,* for the respondent.

OPINION

IRWIN, *Judge:* This matter comes before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was filed after the 90-day period provided in section 6213.[1] During the hearing on respondent's motion, petitioners also moved to dismiss for lack of jurisdiction on the ground that respondent failed to mail the statutory notice of deficiency to petitioners' last known address.

The matter sub judice involves petitioners' 1974 taxable year. However, the resolution of the issue hinges to a large extent upon events and circumstances relating to prior taxable years of the petitioners. The notice of deficiency in the amount of $6,998.38 was mailed to petitioners on April 3, 1978, but was returned to respondent by the post office as unclaimed.

When petitioners filed their 1974 return, they resided at 415 Latona Avenue, Trenton, N.J. 08618. This address (hereafter referred to as the Latona Avenue address) was given as petitioners' residence on their 1974 return. "895 Parkway Avenue, Trenton, N.J.," appeared as petitioner Abe Weinroth's (hereafter sometimes referred to as Abe) business address on Schedule C of petitioners' 1974 return.

In September of 1976, petitioners moved to 895 Parkway Avenue, Trenton, N.J. 08618 (hereafter referred to as the Parkway Avenue address) and have resided there since that time. Petitioners' income tax returns for 1976 and subsequent years used the Parkway Avenue address as their residence.

On June 13, 1977, the District Director of the Internal

---

[1] All statutory references are to the Internal Revenue Code of 1954 as amended.

Revenue Service in Newark, N.J., mailed a standard Form 872 (a consent form used to fix or extend the limitation period within which respondent may assess an income tax) to petitioners for their taxable years 1966, 1967, 1968, and 1969. The Form 872 and accompanying cover letter bore the Latona Avenue address as petitioners' residence. Petitioners received the letter and consent form in due course and on or about June 20, 1977, petitioners executed the Form 872. However, before petitioners returned the executed Form 872 they lined out "415 Latona Avenue," and printed "895 Parkway Ave." above the deletion. Petitioners then returned the altered Form 872.

Shortly thereafter, petitioners' altered Form 872 was received by Patrick J. Kelly (hereafter referred to as Kelly), a suspense file reviewer[2] with the Newark District Director. Sometime during 1977, Kelly had been assigned petitioners' case involving the years 1966, 1967, 1968, and 1969.

Under Internal Revenue Service procedural guidelines, Kelly was not allowed to accept any Form 872 upon which alterations had been made. Thus, upon receipt of the revised Form 872, Kelly marked the form "VOID" and prepared a new Form 872 which read in relevant part: "Abe & Eleanor Weinroth a/k/a Eleanor E. Weinroth Formerly of 415 Latona Avenue, Trenton, New Jersey 08618, taxpayer(s) of 895 Parkway Avenue, Trenton, New Jersey 08618." The accompanying cover letter, dated June 27, 1977, bore the Parkway Avenue address. Kelly also updated petitioners' file with their new address.

Petitioners thereafter executed and returned the second Form 872. On September 16, 1977, the District Director in Newark mailed a copy of the completed Form 872 to petitioners at the Parkway Avenue address.[3]

On or about August 11, 1977, petitioners received an assessment of income taxes and interest due for 1973. The assessment, dated August 8, 1977, was sent from the Director of the Internal Revenue Service Center at Holtsville, N.Y., to the Latona

---

[2]As the title implies, a suspense file reviewer is responsible for maintaining certain files pertaining to matters placed in "Suspense" pending the outcome of review by respondent's National Office or a pending court case.

[3]On Aug. 11, 1978, a date subsequent to the date the notice of deficiency for 1974 was mailed, the Newark District Director mailed petitioners a completed copy of a later Form 872 for the years 1966, 1967, 1968, and 1969. This copy was also sent to the Parkway Avenue address.

Avenue address. Petitioners thought that they had already filed a Form 872 for 1973 so upon receipt of the assessment for that year, Abe telephoned Bernard Mark (an attorney employed by respondent) in Newark to discuss the matter. Abe informed Mark that the assessment and the Latona Avenue address were both erroneous. Petitioners thereafter received a statement of adjustment for 1973 from the Internal Revenue Service Center, Holtsville, which corrected the assessment. The adjustment was dated November 7, 1977, and mailed to petitioners at the Parkway Avenue address.

In early September of 1976, petitioners' case for 1972 through 1975 was assigned to Revenue Agent Geraldine Fowler (hereafter referred to as Fowler) as a portion of a larger ongoing case involving a partnership and four partners other than Abe. In April 1976, a notice of deficiency had been prepared for petitioners' 1972 taxable year and Fowler had received a request from respondent's Appellate Division to determine the accuracy of such notice. During the course of this investigation, Fowler contacted Abe at the Parkway Avenue address, at the request of Abe's brother, and picked up various partnership returns at that address. When a taxpayer notifies respondent of a change of address, a special handling sheet is attached to the tax return indicating the change. Fowler's files indicated no change of address for petitioners.

The notice of deficiency at issue herein was assigned to be written by James Davenport (hereafter referred to as Davenport). Davenport in turn assigned petitioners' 1974 notice of deficiency to Kenneth Manning (hereafter referred to as Manning).[4] During 1978, Manning was a revenue agent assigned to a field audit group. From approximately February 15, 1978, to April 30, 1978, Manning was temporarily assigned to prepare notices of deficiency. Neither Davenport nor Manning saw any indication of a change of address in petitioners' 1974 file. On April 3, 1978, a notice of deficiency for 1974 was sent to petitioners at the Latona Avenue address. For some undisclosed reason, this notice was never delivered to petitioners, but was

[4]Fowler testified that she was assigned petitioners' case for 1972, 1973, 1974, and 1975. Apparently Fowler's duties involved maintaining files regarding the partnership and the five partners. Although Fowler testified that she prepared petitioners' 1974 statutory notice, it appears that Manning, not Fowler, actually prepared the notice, although Fowler did the basic preparatory work prior to its issuance.

returned to respondent as being unclaimed. Davenport then reexamined petitioners' file for a suitable address to which to send the notice other than the Latona Avenue address. Upon discovering no other address, Davenport stapled the notice inside the file's jacket cover without further action.

On September 25, 1978, petitioners received a letter dated September 22, 1978, from Thomas J. Laycock (hereafter referred to as Laycock), Director of the Service Center in Holtsville, requesting payment of overdue tax, interest, and late payment penalty for 1974. This letter was addressed to the Parkway Avenue address and was petitioners' first notice regarding their 1974 tax. Abe immediately wrote a letter to Laycock requesting an explanation.

Petitioners subsequently received a letter dated October 13, 1978, from Laycock again requesting payment for 1974. This letter was also addressed to the Parkway Avenue address.

On March 7, 1979, pursuant to petitioners' request, the Holtsville Service Center mailed to petitioners, at the Parkway Avenue address, a letter of explanation and a copy of the notice of deficiency dated April 3, 1978. This was the first time that petitioners had seen such notice. The petition herein was mailed on June 5, 1979, and filed with this Court on June 7, 1979. These dates are more than 1 year later than the date upon which respondent mailed the 1974 deficiency notice to the Latona Avenue address.

Section 6212(a) authorizes the Secretary of the Treasury or his delegate[5] to send a notice of deficiency to a taxpayer when it has been determined that a deficiency exists in the taxpayer's taxes. Section 6212(b)(1) provides, with an exception not relevant herein, that the notice authorized by section 6212(a) shall be sufficient if mailed to the taxpayer at his "last known address." Within 90 days after the notice of deficiency is mailed (unless the notice is addressed to a person outside the United States), the taxpayer may file a petition with this Court for a redetermination of the deficiency, section 6213(a).

We must decide whether the notice of deficiency was mailed to petitioners at their "last known address" as that phrase is used in section 6212(b)(1). If we find that the notice was mailed

---

[5]See sec. 7701(a)(11)(B).

to petitioners' last known address, then we must grant respondent's motion to dismiss for lack of jurisdiction because of the untimeliness of the petition. *Stewart v. Commissioner*, 55 T.C. 238 (1970); *Goldstein v. Commissioner*, 22 T.C. 1233 (1954). If, however, we find that the notice was not mailed to petitioners' last known address then we must grant petitioners' motion to dismiss for lack of jurisdiction because a valid notice was not sent. *Shelton v. Commissioner*, 63 T.C. 193, 195 (1974).[6]

A taxpayer's last known address is the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which *all* communications during such period should be sent. *Gregory v. United States*, 102 Ct. Cl. 642, 663, 97 F. Supp. 962, 973 (1944); *McCormick v. Commissioner*, 55 T.C. 138, 141 (1970). It is the address to which, in light of all the surrounding facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. *Delman v. Commissioner*, 384 F.2d 929 (3d Cir. 1967); *Looper v. Commissioner*, 73 T.C. 690 (1980). Because of the proclivity of taxpayers to move without notifying the Commissioner of their new addresses, the burden is on the taxpayer to provide the Commissioner with clear and concise notification of the new address. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367 (1974), affd. 538 F.2d 334 (9th Cir. 1976); *McCormick v. Commissioner, supra; Marvin v. Commissioner*, 40 T.C. 982 (1963). While the Commissioner must exercise reasonable diligence in ascertaining the taxpayer's correct address (*Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. at 374), in the absence of such notification, respondent is entitled to rely on the address listed on the taxpayer's return for the year for which the notice of deficiency is being issued as the taxpayer's

---

[6]While sec. 6212(b)(1) does not mandate that the notice of deficiency be mailed to a taxpayer's last known address, we have held in cases where the notice was not so mailed *and* the petition was not timely filed that we should dismiss for lack of jurisdiction if the petitioner was prejudiced thereby. *Looper v. Commissioner*, 73 T.C. 690 (1980); *Shelton v. Commissioner*, 63 T.C. 193 (1974); *Heaberlin v. Commissioner*, 34 T.C. 58 (1960); *Carbone v. Commissioner*, 8 T.C. 207 (1947).

When the notice of deficiency is not sent to the taxpayer's last known address but despite the error the taxpayer receives actual notice of the deficiency and has a sufficient time to file a petition with this Court, we have not granted petitioners' motions to dismiss. *Goodman v. Commissioner*, 71 T.C. 974 (1979); *Lifter v. Commissioner*, 59 T.C. 818 (1973); *Clodfelter v. Commissioner*, 57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975), cert. denied 425 U.S. 979 (1976).

last known address. *Luhring v. Glotzbach,* 304 F.2d 556, 558–559 (4th Cir. 1962); *Lifter v. Commissioner,* 59 T.C. 818, 821 (1973).

Petitioners' 1974 return was audited in the course of a continuing investigation regarding a partnership and its partners, of which petitioner Abe Weinroth was one. Petitioners' 1974 return listed the Latona Avenue address as their residence and the Parkway Avenue address as Abe's business address. In September of 1976, petitioners moved to the Parkway Avenue address. Thereafter, communications from respondent regarding their tax years 1966, 1967, 1968, 1969, and 1973 were sent to the Latona Avenue address and received by petitioners, apparently forwarded by the post office. Petitioners notified a suspense file reviewer and an attorney of respondent in the District Director's Office and the Director of the Service Center of their new address and received all subsequent communications concerning those years at the new address. Fowler, an audit agent of respondent, knew of and had visited the Parkway Avenue address, which was also listed on petitioners' 1974 return as their business address. In April of 1978, respondent sent the notice of deficiency for 1974 to petitioners' old address. Petitioners did not receive the notice until March 1979, after respondent had assessed petitioners' 1974 tax. Petitioners filed their petition herein in June 1979, more than 1 year subsequent to the mailing of the statutory notice of deficiency.

Petitioners argue that they had twice notified respondent's District Office, once in writing (to Kelly) and once orally (to Mark), of the new address prior to the mailing of the notice of deficiency and that Fowler (also employed in the District Office) knew of and had visited the Parkway Avenue address. Respondent contends that petitioners' notices were ineffective because they only pertained to 1966 through 1969 and 1973 and not to 1974. Respondent also contends that petitioners are required to notify the "responsible agent," i.e., the agent who gathers the facts for the determination of the deficiency.

We do not interpret the requirement that the taxpayer provide clear and concise notification to the Commissioner of his new address as narrowly as does respondent.

It is well established that subsequent returns filed with a new address do not constitute clear and concise notification to

respondent of such address. *Budlong v. Commissioner*, 58 T.C. 850 (1972).[7]

Who must the taxpayer notify of his new address? In *Luhring v. Glotzbach, supra,* the Fourth Circuit held that the notice of deficiency in that case "was adequate since it was sent to the address last known to the *agents* in the District where the return was filed." (304 F.2d at 559; emphasis supplied.) See also *Cohen v. United States*, 297 F.2d 760, 773 (9th Cir. 1962), cert. denied 369 U.S. 865 (1962). We have also stated that notification of a new address must be given to the District where the return in question was filed. *Camous v. Commissioner*, 67 T.C. 721, 732 (1977); *Budlong v. Commissioner*, 58 T.C. at 853; *Marvin v. Commissioner*, 40 T.C. at 984; *Marcus v. Commissioner*, 12 T.C. 1071, 1074–1076 (1949).

We have found no authority for respondent's proposition that notice must be given to the agent assigned the return for the year in issue when the taxpayer has already furnished notification of his new address to other agents in the same District responsible for prior years' returns.[8]

Respondent points out that petitioners notified Kelly (for 1966 through 1969) and the Service Center in Holtsville (1973) of the Parkway Avenue address, but failed to notify Davenport and Manning (1974) of such address. Respondent concludes that petitioners' failure to notify the agents responsible for 1974 must result in a finding that proper notification of their new address was not given, citing *Maxfield v. Commissioner*, 153 F.2d 325 (9th Cir. 1946), cert. denied 327 U.S. 794 (1946); *Welch v. Schweitzer*, 106 F.2d 885 (9th Cir. 1939); *Carbone v. Commissioner*, 8 T.C. 207 (1947); *Butler v. District Director of Internal Revenue*, 409 F. Supp. 853 (S.D. Tex. 1975).

In *Maxfield,* the Ninth Circuit discussed the issue of the taxpayer's last known address in the context of where venue for

---

[7]Although petitioners adduced some evidence that the Internal Revenue Service now employs a computerized system to update its files from the filing of subsequent returns, this evidence was by no means sufficient for us to reconsider our holding in *Budlong*. Petitioners did not show whether this system was in use when the notice of deficiency was issued nor the efficacy of the system.

[8]See *Walsh v. Commissioner*, T.C. Memo. 1964–243, in which we held that a change of address letter to the District Director which was included in a request for an extension of time for filing petitioner's 1962 return was not ineffective in conveying petitioner's new address with respect to petitioner's 1959 taxes.

the trial should lie. The court discussed the case of *Commissioner v. Rosenheim*, 132 F.2d 677 (3d Cir. 1942), revg. 45 B.T.A. 1018 (1941), in which the Commissioner obtained the taxpayer's last known address for a notice of transferee liability from the stock transfer books of the tranferor corporation. The court stated:

> Obviously the knowledge of the public officials who gather the facts for the Commissioner's determination of the deficiency, the notice of which is to be mailed to the last known address of the taxpayer, is a higher source of knowledge than the books of a private corporation.
>
> In Welch v. Schweitzer, 106 F.2d 885, 887, this Ninth Circuit held that knowledge of the Commissioner's business organization in the collection of income taxes is attributable to the Commissioner. In that case we said "This recognized continued relationship of the taxpayer to the Treasury created by statute for the purpose of crediting overpayments, made available in this case to the Commissioner the true residence address of the taxpayer, as shown in his later returns [filed with his subordinate Collector]. The application of ordinary business principles to the tax business of the government would seem to require the Commissioner to avail himself of the facilities of his business organization in the performance of his duty to mail the notice of deficiency." [153 F.2d 326–327.]

Because the taxpayer sought to establish that the agents who gathered the evidence upon which the deficiency notice was based had actual knowledge of her new address, she had tendered a justiciable issue under the principles of *Commissioner v. Rosenheim* and *Welch v. Schweitzer, supra*. Rather than establishing a narrow interpretation of the notification required of a taxpayer, *Maxfield v. Commissioner* and *Welch v. Schweitzer, supra*, actually espouse a far more liberal viewpoint than this Court has accepted, i.e., that the filing of subsequent returns containing a new address constitutes sufficient notice to respondent. See *Budlong v. Commissioner, supra.*

Similarly, *Carbone* is of no aid to respondent's argument. In *Carbone*, the revenue agent in charge of the Greensboro, N.C. Division of the Internal Revenue Service sent notices of transferee liability addressed to the petitioners at the transferors' business premises, which had been previously seized and padlocked by the District Collector. The petitioners' actual home addresses were known to certain revenue agents. While it is unclear whether the agents with knowledge of the actual addresses prepared the notices in issue (it appears that different agents were involved since the facts of the case discuss "internal revenue agents" and "the internal revenue agent in charge" as if

they were different persons), we granted petitioners' motion to dismiss because the notices were not mailed to the last known address. We fail to see where *Carbone* states or even implies that notice can be given only to the agent or agents responsible for the year in issue. *Carbone* states that the knowledge of respondent's internal revenue agents as to the petitioners' correct addresses caused such addresses to be the petitioners' last known addresses. 8 T.C. at 211–212.

In *Butler v. District Director of Internal Revenue, supra,* a revenue agent was assigned to the taxpayers 1969 return. When the agent was faced with three possible addresses to which to mail the notice of deficiency, he chose the address on the taxpayers' 1969 return. The District Court held that the agent acted reasonably when faced with three equally suitable addresses for the taxpayers. The District Court left undiscussed the question of whom the taxpayers should have notified as to their new address.

Respondent maintains that when it has been held that the notice of deficiency was not mailed to the last known address, an important fact has been that the agents of the respondent who were handling the "account" for which the statutory notice was issued had knowledge of the new address, relying on the following language in *Camous v. Commissioner,* 67 T.C. 721, 732 (1977): [9]

> In cases involving whether a notice of deficiency has been mailed to the last known address of a taxpayer, it has been held that some formal notice of a change of address must be given to the Office of the District Director with whom the return was filed in order for the Secretary or his delegate to be required to send a notice of deficiency to the new address. * * *

and also relying on our citation to *Luhring v. Glotzbach,* 67 T.C. at 732–733. Our reference in *Camous* to the "appropriate agent" in *Luhring v. Glotzbach, supra,* indeed was to the agent who prepared the notice in issue. However, since the taxpayers in *Luhring v. Glotzbach, supra,* never notified any of respondent's agents in the District where the return was filed of their new address, we fail to see how the cited language from *Camous* or

---

[9] In *Camous v. Commissioner,* 67 T.C. 721 (1977), the issue was whether notice had been given by one spouse that separate residences had been established by each spouse so that a duplicate original of a joint notice of deficiency had to be sent to each spouse at his last known address. Sec. 6212(b)(2).

our reference to *Luhring v. Glotzbach*, therein, aids respondent. *Camous*, like *Luhring*, refers to the Office of the District Director in which the return was filed and not to the specific agent preparing the statutory notice in issue.[10]

Petitioners twice notified agents within the District where their 1974 return was filed of their new address. Petitioners' notifications concerning their new address for purposes of their taxes for 1966, 1967, 1968, 1969, and 1973 were duly received by respondent and subsequently used by respondent for all communications pertaining to those years. In fact, notice given to the District Director in Newark by petitioners for their tax year 1973 was even conveyed by the District Office to the Holtsville Service Center. Furthermore, Revenue Agent Fowler, who was involved in the audit of petitioners' taxable years 1972 through 1975, actually knew of and had visited the Parkway Avenue address. Considering the fact that petitioners were the subjects of an ongoing investigation of tax liability, that petitioners had twice previously notified the District Office conducting such investigation that they had a new address, and that Revenue Agent Fowler had actually visited such address, we hold that respondent did not act reasonably and with reasonable diligence in mailing the 1974 notice of deficiency to petitioners' old address. Accordingly, the notice of deficiency was not mailed to petitioners' last known address. In light of this, we must deny respondent's motion to dismiss for lack of jurisdiction and grant petitioners' motion to dismiss for lack of jurisdiction.

*An appropriate order will be entered.*

---

[10]We held in *Camous* that a vague statement made by the petitioner to an agent whom petitioner *knew* had no responsibility regarding her case was insufficient for purposes of sec. 6212(b)(2). Nothing in the record here suggests that petitioners knew, or even suspected, that their concise notices to respondent would be ineffective.