ESTATE OF HYMAN RUFF, JACQUELINE R. LEVY, EXECUTOR, AND FRIEDA RUFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Ruff v. Commissioner
Docket No. 3814-81.
United States Tax Court
T.C. Memo 1982-152; 1982 Tax Ct. Memo LEXIS 593; 43 T.C.M. (CCH) 889; T.C.M. (RIA) 82152; March 25, 1982. Gerald Stahl, for the petitioners. Paulette Segal and Alan B. Horn, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: This case is before us on each party's Motion to Dismiss for Lack of Jurisdiction. The parties agree that this case should be dismissed but disagree as to the grounds for *594 such dismissal. Respondent contends that petitioners have failed to file a timely petition with this Court. Petitioners argue that the notice of deficiency is invalid on two grounds: (1) the deficiency notice was not sent to petitioners' lack known address within the meaning of section 6212(b)(1), [1] and (2) respondent has violated the notice requirement of section 7605(b). [2]
FINDINGS OF FACT The taxable year at issue is 1976. For ease of presentation, our findings of fact will be separated into two parts: those pertaining to the last known address issue and those relevant to the question of a second inspection. Last known *595 address:
Petitioners [3] filed a joint Federal income tax return for 1976. Their address, as shown on the 1976 return, was 167-15 12th Avenue, Whitestone, New York 11357 (Whitestone address). Petitioners had resided at the Whitestone address since at least 1974. On or about March 15, 1979, petitioners moved to 38 Acorn Pond Drive, Roslyn, New York 11576 (Roslyn address). Petitioners' 1978 return, filed on April 15, 1979, bore their Roslyn address. From 1974 through 1980, all of petitioners' returns were filed with the Internal Revenue Service Center at Holtsville, New York (Service Center). Sometime between February and May of 1979, petitioners signed a Form 870 agreeing to an increase of $ 4,016 in their 1976 taxes. See p.6, infra. On December 10, 1979, the Service Center billed petitioners for this additional amount. Because petitioners' 1978 return, showing the Roslyn address, was filed in April of 1979 and the Service Center's computer updates a taxpayer's address whenever a new return is filed, the *596 bill was mailed to petitioners at the Rosyln address. On March 7, 1980, the Manhattan District Director's office received petitioners' protest of a proposed assessment for 1975. The protest letter stated that petitioners' mailing address was the Rosyln address. The protest took exception to the disallowance, for 1975, of Hyman Ruff's share of the loss and investment credit from a partnership known as "Lunar Associates." The same District Director's office mailed a statutory notice of deficiency for 1976 to petitioners' Whitestone address on April 15, 1980. The deficiency was also based on the disallowance, for 1976, of losses and investment credits attributable to Hyman Ruff's interest in Lunar Associates. In preparing the deficiency notice, the District Director's office requested a computer printout of petitioners' prior payments, but did not request petitioners' address, from the Service Center. The type of transcript requested by the District Director's office (one not showing addresses) could be expedited within three days. A request for a transcript showing addresses would take six to eight weeks to receive if processed in the normal course. It is not normal practice *597 for the Service Center to inform the District Director of any change of address unless the District Director solicits such information. The 1976 deficiency notice was returned to the District Director's office on April 19, 1980, having been stamped by the Post Office "Addressee Unknown" on April 18, 1980. Subsequent to July 14, 1980 (90 days after the date of the deficiency notice), and prior to October 10, 1980, the Service Center sent notices and demands for payment of the amount determined as a deficiency for 1976 to the Roslyn address. The petition in this case was filed on March 2, 1981, 321 days after the mailing of the notice of deficiency. Second inspection:
Hyman Ruff was a shareholder of Consolidated Carriers Corp. (Consolidated Carriers), a subchapter S corporation, and a partner in Lunar Associates. Revenue Agent Robert Arrigo examined Consolidated Carriers' return for 1976. In connection with that examination, Mr. Arrigo did not inspect any books or records of petitioners for 1976. In 1977 or 1978, Revenue Agent Lillian Sohnen was assigned to examine Lunar Associates' 1976 return. She requested and received, from the Service Center, the originals *598 of petitioners' 1975 and 1976 individual returns; W-2 forms were attached to the returns. In November of 1978, Ms. Sohnen met with Lunar Associates' accountant, Mr. Gluckman, several times. Mr. Gluckman was also petitioners' accountant and had prepared petitioners' 1976 return. Ms. Sohnen performed a cursory review of petitioners' itemized deductions of approximately $ 61,000 for 1976. But because $ 57,000 of these deductions represented state and local taxes which were substantiated by the W-2's, Ms. Sohnen did not request any further substantiation of the deductions. As a result of the examination of Consolidated Carriers and Lunar Associates, Ms. Sohnen, in November of 1978, arrived at proposed deficiencies in petitioners' 1975 and 1976 taxes.Her reports disallowed the Lunar Associates loss for both 1975 and 1976 and disallowed an additional item relating to Consolidated Carriers for 1976. The deficiency in respect of this additional item was $ 4,016, as to which petitioners executed a form 870. See p.3, supra.
OPINION Respondent determined a deficiency in petitioners' 1976 taxes and sent a notice of deficiency to petitioners' address as it appeared on their 1976 *599 return. Section 6212(b)(1) provides, with an exception not relevant here, that the notice of deficiency shall be sufficient if mailed to the taxpayer at his "last known address." While section 6212(b)(1) does not mandate that the notice of deficiency be mailed to the taxpayer's last known address, where the notice was not so mailed and petitioner was prejudiced thereby, in that the petition was not timely filed, we have dismissed for lack of jurisdiction. Weinroth v. Commissioner,74 T.C. 430, 435 n.6 (1980). [4]
Within 90 days after the notice of deficiency is mailed (or 150 days if "the notice is addressed to a person outside the United States"), the taxpayer may file a petition with this Court for a redetermination of the deficiency. Section 6213(a). *600 Where there is both a motion to dismiss by respondent on the ground that the petition was not timely filed (as is concededly the case herein) and a motion to dismiss by the petitioners based on the assertion that the deficiency notice was not sent to the "last known address," the proper procedure is first to consider and dispose of petitioners' motion; whichever motion is granted, the result is the same, i.e., dismissal for lack of jurisdiction, although the consequences are different. Weinroth v. Commissioner,supra at 435; Shelton v. Commissioner,63 T.C. 193, 194-195 (1974). Neither section 6212 nor the regulation promulgated thereunder provide us with any guidance as to what constitutes a taxpayer's last known address. We have defined a taxpayer's last known address as the "last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." Weinroth v. Commissioner,supra at 435. It is the address to which, in light of all the facts and circumstances, respondent reasonably believed the *601 taxpayer wished the notice to be sent. Brown v. Commissioner, 78 T.C.     (Feb. 8, 1982), slip op. p.8. In many cases, respondent is entitled to use the address shown on the return being audited as the taxpayer's last known address. Nevertheless, respondent must exercise reasonable diligence in ascertaining the taxpayer's correct address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974). Accordingly, where the taxpayer has furnished respondent with a clear and concise notification of a change of address, see, e.g., Brown v. Commissioner,supra, or where respondent's agents learn that a taxpayer has moved, see, e.g., Keeton v. Commissioner,74 T.C. 377 (1980), the deficiency notice must be sent to the taxpayer's new address. Whether respondent has exercised reasonable diligence in ascertaining a taxpayer's last known address is a question that must be answered based on the facts and circumstances of each case. McPartlin v. Commissioner,653 F.2d 1185, 1189 (7th Cir. 1981), revg. an order of this Court; O'Brien v. Commissioner,62 T.C. 543, 550 (1974). Petitioners argue that respondent *602 had adequate notification of their change of address. As evidence of their contention, petitioners point to the following events, which occurred prior to the mailing of the deficiency notice: (1) petitioners' 1978 return filed with the Service Center listed their Roslyn address; (2) a bill for 1976 taxes was mailed by the Service Center to petitioners at their Roslyn address on December 10, 1979; and (3) a protest for the year 1975 was received by the District Director's office on March 7, 1980, showing that petitioners resided at the Roslyn address. Respondent counters with two arguments: (1) the filing of subsequent returns with a new address does not constitute clear and concise notification to respondent of such address, citing Weinroth v. Commissioner,74 T.C. 436-437; and Kuebler v. Commissioner,T.C. Memo. 1979-95; (2) although petitioners' 1975 protest letter notified the District Director's office of the Roslyn address, because at the time the protest letter was filed the same agent was not working on both the 1975 and 1976 audits, the notification was not effective for the taxable year 1976. We will first address respondent's position *603 that the 1975 protest letter was not adequate notification of petitioners' change of address for the taxable year 1976. In Weinroth v. Commissioner,supra (where the issue was the adequacy of the deficiency notice for 1974), the taxpayer twice notified agents examining his returns for years prior to 1974 of his change of address. Respondent argued that the taxpayer's notices were ineffective because they pertained only to years prior to 1974 and because the taxpayer did not notify the right person (i.e., the agent responsible for auditing his 1974 return). [5] In concluding that the deficiency notice should have been sent to the new address, we stated: *604 We do not interpret the requirement that the taxpayer provide clear and concise notification to the Commissioner of his new address as narrowly as does respondent. We have found no authority for respondent's proposition that notice must be given to the agent assigned the return for the year in issue when the taxpayer has already furnished notification of his new address to other agents in the same District responsible for prior years' returns. [Weinroth v. Commissioner,supra at 436-437, footnote omitted.] See also McPartlin v. Commissioner,653 F.2d at 1190-1191. [6]
As to respondent's other position, we agree that a subsequently filed tax return does not, by itself, constitute sufficient notice of a change of address. See, e.g/., Weinroth v. Commissioner,supra at 436-437. Nevertheless, in determining whether a notice was sent to petitioners' last known address, we believe that the facts that respondent's Service Center updated petitioners' address based on subsequently filed returns and, accordingly, mailed a bill for the year at issue *605 to the new address are relevant considerations. Cf. McPartlin v. Commissioner,supra at 1190; Crum v. Commissioner,635 F.2d 895, 898-899 (D.c/. Cir. 1980), revg. an order of this Court. In so stating, we emphasize that we are not holding that a new address in the records of a Service Center is sufficient, in and of itself, to constitute "the last known address" to which a deficiency notice must be sent. See Budlong v. Commissioner,58 T.C. 850, 852-853 (1972). But see Crum v. Commissioner,supra at 900. Under all the facts and circumstances herein, particularly petitioners' notification to the District Director's office of their new address (albeit in communication with respect to a previous taxable year), [7] we hold that the petitioners have satisfied their burden of proof that they provided respondent with clear and concise notice of their new address. Weinroth v. Commissioner,supra.
*606 Because of our holding on the last known address issue, we need not deal with petitioners' contention that there was a second inspection within the meaning of section 7605(b) and that the failure of respondent to send them the notice, as required by that section, invalidates the notice of deficiency. Petitioners' motion to dismiss for lack of jurisdiction will be granted and respondent's motion will be denied.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Section 7605(b) provides: Restrictions on Examination of Taxpayer -- No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.↩
3. Hyman Ruff died on May 4, 1979, and Jacqueline Levy was appointed executor of his estate. All references to petitioners will be to Hyman and Frieda Ruff.↩
4. When the notice of deficiency is not sent to the taxpayer's last known address but the taxpayer nevertheless receives actual notice of the deficiency and has sufficient time to file a petition with the Court, we have not granted taxpayer's motion to dismiss. Weinroth v. Commissioner,74 T.C. 430, 435 n.6 (1980). See also Looper v. Commissioner,73 T.C. 690, 697-699↩ (1980).
5. We recognize that, because of certain factual differences between Weinroth and the instant case, Weinroth does not conclusively determine the outcome of this case. In Weinroth, unlike in the present case, an agent, responsible for examining the 1974 return of a partnership in which the taxpayer was a partner, went to the taxpayer's new address to pick up some documents. Thus a factor in our decision was that an agent involved in the audit of the taxpayer's 1974 return "actually knew of and had visited the [new] address." 74 T.C. at 440. However, contrary to respondent's assertions, we do not believe those factual differences cause Weinroth↩ to be totally inapplicable here.
6. See Walsh v. Commissioner,T.C. Memo. 1964-243↩.
7. We note that both 1975 and 1976 involved the same issues, namely disallowance of losses and investment credits in respect of Lunar Associates. It seems strange, indeed, that coordination of the efforts of respondent's agents in the same office was so manifestly lacking.↩