**Janet E. GRAFTON, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 81–1028–CV W–6.**

United States District Court,
W.D. Missouri, W.D.

Jan. 25, 1983.

Michael A. LeVota, Kansas City, Mo., for plaintiff.

Robert G. Ulrich, U.S. Atty., Kansas City, Mo., Michael P. Haney, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

ORDER

SACHS, District Judge.

This is an action to enjoin the Commissioner from levying on an alleged tax deficiency. In issue is the application of the

statutory provision governing notification of deficiencies. This case was tried to the Court on November 29, 1982. At this time, the Court sets forth its findings of fact and conclusions of law, pursuant to Rule 52(a), F.R.Civ.P.

## FINDINGS OF FACT

The parties entered into extensive stipulations regarding the facts underlying this suit and the Court has adopted the stipulated facts contained in the Standard Pretrial Order No. 2. In summary, those facts are as follows:

During the years 1975 through 1977, plaintiff and Joseph E. Grafton (hereafter Grafton) were married and living together in Kearney, Missouri. The Graftons filed joint federal income tax returns for those years. The Graftons were legally separated on July 31, 1978 and Grafton moved to a separate residence in Kansas City on September 16, 1978. The marriage was dissolved on January 24, 1979.

In May of 1978, Internal Revenue Auditor James Wholey commenced an audit that eventually encompassed the Graftons' returns for the years 1975 through 1977. All of Wholey's contacts concerning the audit were with Grafton. Grafton informed Wholey that the parties were living at separate addresses and that plaintiff continued to live at the Kearney address that had been the marital household.

In February, 1979, the Graftons executed a Form 872, extending the period of limitation for assessing a deficiency. The form, which had been typed by IRS personnel, listed the Kearney address as "Former Address" and Grafton's Kansas City address as "Present Address." On April 10, 1980, a notice of deficiency addressed to both of the Graftons was sent by certified mail to Grafton's Kansas City address. No notice of deficiency was sent to plaintiff at the Kearney address.

The principal factual issue upon which the parties were unable to stipulate concerned what information Grafton provided to Wholey regarding the marital status of the Graftons. Wholey testified that he knew that the Graftons were living at separate addresses and that plaintiff was continuing to live at the Kearney address, but that he understood the reason for the physical separation to be Grafton's attending school in Kansas City. Wholey stated that he learned nothing to indicate that the Graftons were having domestic problems. Grafton testified that he did inform Wholey that the Graftons were separated and that he met with Wholey "close to" the date of the divorce and informed him of the divorce at that time.

After hearing and reviewing all of the evidence, the Court is persuaded that Grafton did inform Wholey of the Graftons' separation and divorce. Grafton was a credible witness and it is more likely that he would remember the content of conversations with Wholey than would Wholey, who was responsible for approximately 120 audits at a time. Wholey's notes indicate that he met with Grafton the day after the divorce and plaintiff introduced a form for determining entitlement to exemptions for dependent children that Grafton obtained from the IRS. The Court considers it unlikely that the subject of the Grafton's divorce would not have been discussed at this meeting.

## ADEQUACY OF NOTICE OF DEFICIENCY

I.R.C. § 6212(b)(2) provides:

In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

The Code does not further define the term "last known address" but the courts have developed certain principles to govern the determination of a taxpayer's last known address and the validity of a notice of deficiency. The Tax Court has stated that the

last known address is the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications. *Weinroth v. Commissioner,* 74 T.C. 430, 435 (1980); *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367, 374 (1974). It has been said "that the statute requires only that the notice of deficiency be sent to the place where the Commissioner reasonably believes the taxpayer wishes the notice to be sent," *Johnson v. Commissioner,* 611 F.2d 1015, 1018 (5th Cir.1980); *Delman v. Commissioner,* 384 F.2d 929, 932 (3rd Cir. 1967), and, in a somewhat less deferential tone, that the Commissioner is bound to exercise reasonable diligence in determining a taxpayer's correct address. *McPartlin v. Commissioner,* 653 F.2d 1185, 1189 (7th Cir. 1981); *Crum v. Commissioner,* 635 F.2d 895, 898 (D.C.Cir.1980); *Weinroth, supra,* at 435. Under these guidelines, the notice of deficiency was not sent to plaintiff's last known address.

Resolution of the correct address to which the notice should have been sent appears from a first review of the statute and the guidelines set forth to be relatively straightforward. Plaintiff's spouse notified the Service that separate residences had been established. Even if we were to conclude that Grafton had not told Wholey of the couple's marital status, Wholey admitted knowing that the Graftons were living apart from each other. Having been informed of the separate residences, defendant was required to send a duplicate of the notice to plaintiff's last known address. No duplicate notice was sent to any address. The last address of plaintiff known to defendant would have been the only address at which plaintiff lived during this period, the Kearney address.

 Defendant raises two principal arguments in opposition to the above analy-

sis.[1] The first argument is that, given that Wholey was not responsible for mailing notices of deficiency, notice of separate addresses could not effectively be given through him, but was required to be submitted in writing to the district director, pursuant to 26 C.F.R. § 301.6212–1(b)(2), which states that notices of separate addresses "should be addressed to the district director for the district in which the joint return was filed." Notification to Wholey of the separate addresses was sufficient notification to defendant. *Weinroth v. Commissioner, supra,* contains a thorough discussion of cases dealing with the issue of to whom notice of a taxpayer's address may be given. 74 T.C. at 436–40. In that case, the Commissioner argued for the proposition he contests in this case, that notification should be given to the "responsible agent" conducting the investigation leading to the determination of deficiency. *Id* at 436. *Weinroth* and the other cases reviewed therein went further and held that notification to other agents was sufficient. *See also McPartlin v. Commissioner, supra,* at 1191. ("Any notice to an agent of the same district office as the agent assigned to a taxpayer's case is entitled to some weight when determining a taxpayer's 'last known address.' ") While the language of the regulation contemplates that taxpayers will normally provide notice in writing, actual oral notice to the agent assigned to the taxpayer's case is sufficient. *Wagner v. United States,* 473 F.Supp. 276, 279 (E.D.Pa. 1979). Actual notice to the agent handling the investigation is probably more likely to insure that the information reaches the proper individuals within the Service than a written communication that may be misdelivered or addressed to an incorrect office. The taxpayer should "not be expected to appreciate the inner workings of the IRS, and particularly the separate responsibilities [of different offices and] should not be penalized because the tax collector neglects

---

1. In addition to arguments relating to the adequacy of the notice of deficiency, defendant contends that plaintiff has an adequate remedy at law and is therefore not entitled to equitable relief. *Cool Fuel, Inc. v. Connett,* 685 F.2d 309 (9th Cir.1982). Plaintiff established that irreparable harm justified injunctive relief through her testimony regarding her resources, obligations, and job security.

to tell his right hand what his left is doing." *Crum v. Commissioner, supra,* at 900.

■ Defendant next contends that the Commissioner reasonably believed that plaintiff wished to have all correspondence sent to her ex-husband's address by virtue of her signing the Form 872 containing the designations of "former" and "present" addresses indicated above.[2] Defendant relies on *Wagner v. United States, supra* and *Alta Sierra Vista, supra* as cases that "noted" the address listed on Form 872, among other items, in upholding the validity of notices sent to those addresses. The taxpayer's last known address is, of course, to be determined by considering all relevant circumstances. *McPartlin, supra,* at 1190; *Crum, supra,* at 899. In this case, the only factor favoring the Commissioner's reasonableness in believing that the Kansas City address was the appropriate one was the Form 872. The form was typed by IRS personnel and Grafton testified that he did not believe he was entitled to alter the form. *See Weinroth, supra,* at 432. (Form 872 on which taxpayer made address correction voided by IRS). Even if plaintiff could be said to have adopted the address on the form in some way, it cannot be said that by mere listing of that address plaintiff "clearly notified the [Commissioner] that [*she* had] moved and direct[ed] the [Commissioner] to use a different address." *Lifter v. Commissioner,* 59 T.C. 818, 821 (1973). *See Alta Sierra Vista, supra,* at 375.

■ The other principal factors to be considered in determining whether the Commissioner exercised reasonable diligence in discerning plaintiff's last known address include the fact that the tax returns for the years in issue bore the Kear-ney address ["As a general proposition, the Commissioner is entitled to treat the address of the taxpayer appearing on the return being audited as the taxpayer's 'last known address' absent 'clear and concise notification from the taxpayer directing the Commissioner to use a different address.'" *McPartlin, supra,* at 1189 (quoting *Alta Sierra Vista, supra,* at 374)], and the explicit and acknowledged notification to Agent Wholey that plaintiff was continuing to live at the Kearney address, separate from Grafton. In addition, we are guided by the direction in the Internal Revenue Service Manual that "if there is any doubt as to what constitutes the last known address of the taxpayer, duplicate original statutory notices should be sent . . . . Internal Revenue Service Manual § 4462.1(3), *quoted in Johnson v. Commissioner, supra,* at 1020. Judging from all the circumstances, we are persuaded that the Commissioner did not exercise reasonable diligence in this case and was not reasonable in believing that the notice of deficiency should be sent to plaintiff's ex-husband's Kansas City address. Accordingly, it is hereby

ORDERED that judgment be entered in favor of plaintiff and that defendant be enjoined from levying upon the assessment in issue in this case.

---

2. A spouse's agency should not be lightly implied, particularly when the nonparticipating spouse may be seriously prejudiced. In one context in which the question is often litigated, it is held that a wife's interest in property held by the entireties cannot be subjected to her husband's remodeling or construction liens, absent a significant showing of actual approval and participation. *Kaufmann v. Krahling,* 519 S.W.2d 29 (Mo.App.1975). This rule applies even though a contractor may have strong equitable claims as a result of having supplied work and materials that have benefitted the nonparticipating spouse. In this case, involving a divorced nonparticipating spouse with little to gain (or rather, much to lose) the admonition against finding an implied agency is especially applicable. Stereotypes about marital relationships should not be encouraged, particularly when careful paper work, such as sending notice to both addresses or obtaining a written agency direction, will better assure fair and proper treatment.