E. G. SORIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Soria v. Commissioner
Docket No. 23579-85.
United States Tax Court
T.C. Memo 1986-206; 1986 Tax Ct. Memo LEXIS 402; 51 T.C.M. (CCH) 1048; T.C.M. (RIA) 86206; May 21, 1986. Darryl V. Rippy, for the petitioner. George Nassif, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was assigned to the undersigned pursuant to Rules 180, 181 and 183, Tax Court Rules of Practice and Procedure. It is before us on respondent's motion to dismiss for lack of jurisdiction. Petitioner on July 5, 1985, filed a petition to this Court in regard to his 1982 taxable year. He alleged therein that he had not received a notice of deficiency from respondent for that year and stated that he believed that records of the *403 Internal Revenue Service indicated that such a notice was mailed. He also alleged that if such notice was mailed, it was not sent to petitioner's last known address in accordance with section 6212. [1] Petitioner resided at Fountain Valley, California, at the time of filing his petition herein. A statutory notice of deficiency was mailed by certified mail to petitioner on July 19, 1984, regarding his 1982 taxable year. The notice was mailed to him at 18642 Libra Circle #1, Huntington Beach, California. That address was the one shown on petitioner's 1982 tax return. If respondent's notice was sent to petitioner's last known address, the petition to this Court must have been filed on or before October 17, 1984, in order for it to be timely and for this Court to have jurisdiction over this matter. Sec. 6213. As noted, the petition in fact was filed July 5, 1985. Petitioner's 1983 Federal income tax return was filed on or before April 16, 1984. The address shown on that return was 17320 Euclid, Fountain Valley, California. Petitioner contends that respondent at the time *404 of mailing the notice of deficiency to petitioner on July 19, 1984, had notice of petitioner's new address at Fountain Valley as a result of the new address shown on petitioner's 1983 return. Thus, petitioner contends that the notice of deficiency was not sent to petitioner's last known address and hence is invalid. Our question is therefore whether respondent had reasonable knowledge of the fact that petitioner's address had changed from Huntington Beach to Fountain Valley when respondent mailed the deficiency notice. This is, of course, a question of fact. Maxfield v. Commissioner,153 F.2d 325, 327 (9th Cir. 1946). The Internal Revenue Service, as a general rule, is entitled to treat the address appearing on the return for the year in question as the last known address, absent "clear and concise notification" of a new address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). We recognize that the "last known address" to which the notice of deficiency is mailed assumes great importance in the taxpayer's ability to obtain a prepayment judicial redetermination *405 of his tax liabilities. Unfortunately, the phrase "last known address" is not defined in the applicable Code section or attendant regulations. We held in Brown v. Commissioner,78 T.C. 215, 218-219 (1982), that this phrase means: the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period. Weinroth v. Commissioner,74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances the respondent reasonably believed the taxpayer wished the notice to be sent. Weinroth v. Commissioner,supra;Looper v. Commissioner,73 T.C. 690, 696 (1980). The relevant focus is thus on the Commissioner's knowledge rather than on what in fact may have been the taxpayer's actual address in use. Alta Sierra Vista, Inc. v. Commissioner,supra. *406 We have held, generally, that the filing of a subsequent return with a change of address does not constitute such clear and convincing evidence. Weinroth v. Commissioner,74 T.C. 430, 436-437 (1980); Budlong v. Commissioner,58 T.C. 850, 852-853 (1972). However, we follow, for purposes of this matter, [2] the holdings of the Ninth Circuit to the effect that a subsequently filed tax return with a new address does give the Internal Revenue Service notice of the new address. See, e.g., United States v. Zolla,724 F.2d 808, 810 (9th Cir. 1984). We must face the question here, however, as to just when the Internal Revenue Service had such notice, whether on the filing date of the 1983 return or at some other time subsequent thereto. If the Internal Revenue Service did not have effective notice until after July 19, 1984, of a change of address, our jurisdiction over this matter must fail. Petitioner's 1983 return was timely filed on or prior to April 16, 1984, with the Fresno Service Center of the Internal Revenue Service. The transcript of the Internal Revenue Service's National Computer Center indicates that petitioner's new address *407 as indicated on his 1983 tax return was not posted until August 27, 1984, some 39 days after the issuance of the notice of deficiency. The delay between the return's timely filing date of April 16, 1984, and the computer posting of petitioner's 1983 return was, therefore, at least 19 weeks, or approximately four and one-half months. Respondent's procedure for the posting of return information, during the peak processing period, is to set aside returns that come in fully paid in order to process first returns upon which refunds are claimed. After the refund returns are posted, the Service Center then turns to the handling of non-refund returns. Petitioner's 1983 return was such a return. Not until August 27, 1984, did the information contained on the return about petitioner's new address become available to respondent for discovery. Respondent's transcript indicates that petitioner's *408 1983 return was handled by the Service Center in the normal course of its business. The mere fact that the 1983 return was filed on or before April 16, 1984, does not serve to provide respondent with actual notice of petitioner's change of address. It would be unreasonable to ascribe respondent with notice solely because of physical control of the return at the Fresno Service Center. We take notice of the fact that the Fresno Service Center handled great numbers of returns during this period. Petitioner does not allege that he notified the Internal Revenue Service of an address change nor that the notice of deficiency was returned to the Internal Revenue Service from his Huntington Beach address so as to give them notice of an address change. We note that even had it been returned to the Internal Revenue Service after its issuance, petitioner's new address would not have been available to them until August. See Singer v. Commissioner,T.C. Memo. 1986-193. Nothing occurred in this matter to alert the Internal Revenue Service that the notice had not in fact been received by petitioner. Compare Wallin v. Commissioner,744 F.2d 674 (9th Cir. 1984). *409 Under the circumstances herein, we find that the Internal Revenue Service acted reasonably in mailing the notice of deficiency to Huntington Beach. Petitioner had not, as a practical matter, advised the Internal Revenue Service of his change of address as of the date of mailing of the notice. See Bagwell v. Commissioner,T.C. Memo. 1984-93. There is nothing in the record to indicate that prior to the issuance of the statutory notice, respondent had any communication with petitioner at his new address. Cf. Ryo v. Commissioner,83 T.C. 626 (1984).Further, no information whatsoever has been presented to indicate that the Internal Revenue Service knew that petitioner did not receive the notice. Since our jurisdiction is predicated upon the timely filing of a petition to this Court within 90 days of the issuance of the deficiency notice (sec. 6213) and since petitioner failed to so file, we must grant respondent's motion to dismiss for lack of jurisdiction. An appropriate order will be issued.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940↩ (1971). Since any appeal herein lies to the Ninth Circuit, we follow that Court for purposes of our determination of jurisdiction herein.