M. DALE AND CLETA F. KEITH, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keith v. Commissioner
Docket No. 2097-86.
United States Tax Court
T.C. Memo 1987-591; 1987 Tax Ct. Memo LEXIS 590; 54 T.C.M. (CCH) 1228; T.C.M. (RIA) 87591; December 1, 1987. Paul H. Levine, for the petitioners. Irene Scott Carrol, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioners opposed the motion by written response and a hearing was held at a trial session of the Court in Los Angeles, California. *591 At the conclusion of the hearing, the motion was taken under advisement. The issue for our determination is whether the notice of deficiency was mailed to petitioners at their "last known address" within the meaning of section 6212(b). [1]
On January 23, 1986, petitioners, husband and wife, filed a petition in this Court with respect to their 1980 taxable year. [2] Petitioners allege therein that they never received a notice of deficiency from respondent for that year. Petitioners further contend that they were not aware that a deficiency had been determined against them until November 1985, when they received a letter from the Fresno Service Center of the Internal Revenue Service advising them that an assessment had been made on September 3, 1984. In early February 1984, petitioners moved from Woodland Hills, California, where they had resided since 1971, to Huntington Beach. At the time petitioners moved, they advised the Postal Service to forward their *592 mail to their office address in Irvine, California. Throughout 1984 and continuing through most of 1985, petitioners regularly received mail at their Irvine office which had been forwarded from their Woodland Hills address. Petitioners have no recollection of whether the Postal Service delivered a certified letter. Petitioners admitted, however, that they do not necessarily collect certified letters addressed to them because they believe that ordinary mail is a sufficient way to communicate. Petitioners' 1983 Federal income tax return was mailed to the Fresno Service Center on or about March 10, 1984. The address shown on that return was 2112 Greenboro Lane, Huntington Beach, California 92646. A statutory notice of deficiency was mailed by certified mail to petitioners on April 16, 1984, regarding their 1980 taxable year. The notice was sent to petitioners at 4346 Manson Avenue, Woodland Hills, California 91364, the address shown on petitioners' 1980 tax return. On or about April 30, 1984, petitioners received a refund with respect to taxable year 1983 from the Internal Revenue Service which was mailed to their Huntington Beach address. Petitioners contend that respondent, *593 at the time of mailing the notice of deficiency to them, had notice of their new address at Huntington Beach as a result of the new address shown on petitioners' 1983 return. Thus, petitioners contend that the notice of deficiency was not sent to their "last known address" and is therefore invalid. Section 6213(a) provides that a petition must be filed within 90 days, or 150 days if the notice is addressed to a person outside of the United States after the notice of deficiency is issued. The petition in this case was not timely filed. However, it is well settled that to maintain an action in this Court, there must be valid notice of deficiency and a timely petition. See Pyo v. Commissioner,83 T.C. 626, 632 (1984); Mollet v. Commissioner,82 T.C. 618, 623 91984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Keeton v. Commissioner,74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if its is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b)(1). The question before us is whether respondent had reasonable knowledge of the fact that *594 petitioners' address had changed from Woodland Hills to Huntington Beach when respondent mailed the deficiency notice. This is, of course, a question of fact. Maxfield v. Commissioner,153 F.2d 325, 327 (9th Cir. 1946). The Internal Revenue Service, as a general rule, is entitled to treat the address appearing on the return for the year in question as the last known address, absent "clear and concise notification" of a new address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). We recognize that the "last known address" to which the notice of deficiency is mailed assumes great importance in the taxpayer's ability to obtain a prepayment judicial redetermination of his tax liabilities. Unfortunately, the phrase "last known address" is not defined in the applicable Code section or the attendant regulations. We held in Brown v. Commissioner,78 T.C. 215, 218-219 (1982), that this phrase means: The taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to *595 which the taxpayer has directed the Commissioner to send all communications during such period. Weinroth v. Commissioner,74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. Weinroth v. Commissioner, supra;Looper v. Commissioner,73 T.C. 690, 696 (1980). The relevant focus is thus on the Commissioner's knowledge rather than on what in fact may have been the taxpayer's actual address in use. Alta Sierra Vista, Inc. v. Commissioner, supra.
We have held, generally, that the filing of a subsequent return with a change of address does not constitute such clear and convincing evidence. Weinroth v. Commissioner,74 T.C. 430, 436-437 (1980); Budlong v. Commissioner,58 T.C. 850, 852-853 (1972). However, we follow, for purposes of this matter, [3] the holdings of the Ninth Circuit *596 to the effect that a subsequently filed tax return with a new address does give the Internal Revenue Service notice of the new address. See, e.g., United States v. Zolla,724 F.2d 808, 810 (9th Cir. 1984). We must face the question here as to just when the Internal Revenue Service had such notice, whether on the filing date of the 1983 return or at some other time subsequent thereto. If the Internal Revenue Service did not have effective notice until after April 16, 1984, of a change of address, our jurisdiction over this matter must fail. Petitioners' 1983 return, showing the Huntington Beach address was timely filed with the Fresno Service Center, having been mailed on or about March 10, 1984, approximately one month prior to the issuance of the notice of deficiency. The transcript of the Internal Revenue Service National Computer Center (Martinsburg, West Virginia) *597 indicates that petitioners' new address as reflected on their 1983 tax return was not posted until mid-September 1984, about five months after the issuance of the notice of deficiency. [4]
We have held that the date upon which respondent has notice of information shown on the return is generally the date the information is posted to respondent's computer records, rather than the date *598 the return is received by respondent. Yusko v. Commissioner, 89 T.C.    (filed October 19, 1987). The transcript in this case indicates that petitioners' 1983 return was handled by the Service Center in the normal course of its business. The mere fact that the 1983 return was filed on or about March 10, 1984, does not serve to provide respondent with actual notice of petitioners' change of address. Moreover, it would be unreasonable to ascribe respondent with notice solely because of physical possession of the return at the Fresno Service Center. Under the circumstances of this case we do not believe that the refund, which was in all probability sent by the Fresno Service Center to petitioners' new address (the address shown on the return for which the refund was issued) created knowledge on the part of respondent's Los Angeles District Office (the office which issued the notice of deficiency) that petitioners had relocated. See United States v. Zolla,724 F.2d at 810-811 (knowledge of a new address of taxpayers gained by the collection agent should not necessarily be imputed to the audit agent who issued the notice of deficiency, even though in the same *599 district office). We take judicial notice of the fact that the processing of refunds is accomplished under statutory time constraints, and because of this, refunds are issued from information appearing on the return before that information is updated on respondent's computer system. Petitioners do not allege that other than filing a return they notified the Internal Revenue Service of an address change. They do allege, however, that the notice of deficiency was returned to the Internal Revenue Service from their old address so as to give the Service notice of an address change. [5] Assuming that it was returned to the Internal Revenue Service after its issuance, petitioners' new address would not have been available to respondent until mid-September. *600 It is clear that the notice of deficiency was delivered to petitioners' last known address. It is well settled that a notice of deficiency mailed to a taxpayer's last known address is valid even though the taxpayer does not receive it. DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967); Alta Sierra Vista, Inc. v. Commissioner, supra at 373; Brzezinski v. Commissioner,23 T.C. 192, 195 (1954). We conclude that respondent has complied with the requirements of section 6212(b)(1) in mailing the notice of deficiency to petitioners' last known address. Since our jurisdiction is predicated upon the timely filing of a petition to this Court within 90 days of the issuance of the deficiency notice (section 6213) and since petitioners failed to so file, we must grant respondent's motion to dismiss for lack of jurisdiction. An appropriate order will be entered.
Footnotes
1. All section references refer to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. ↩
2. At the time they filed their petition, petitioners resided at Huntington Beach, California. ↩
3. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940↩ (1971). Since any appeal herein lies to the Ninth Circuit, we follow that court for purposes of our determination of jurisdiction herein. 4. See Soria v. Commissioner,T.C. Memo. 1986-206; Singer v. Commissioner,T.C. Memo. 1986-193↩. In those two cases we noted that returns are received in the Service Center and forwarded to a computer area and entered into the computer. If the computations are correct they are then placed on magnetic tape. The magnetic tape is then forwarded to the National Computer Center in Martinsburg, West Virginia, where it is merged and cross-checked with information stored and maintained for the entire country. The National Computer Center then creates another magnetic tape which is then forwarded back to the Service Center. It is only at that point that the information contained on the return about a taxpayer's new address becomes available to respondent for discovery. 5. There is nothing in the record to indicate that the notice of deficiency was returned, except for the letter dated November 5, 1985, advising petitioners that the deficiency had been assessed. The letter, from L. A. Reed, Chief, Inquiry and Support Section, Fresno Service Center states, in part: We wrote you earlier explaining the changes and your appeal rights before assessment of the additional tax. We sent this correspondence to the address last known to us, but the postal service returned it to us as undeliverable. It included an examination report and a notice of deficiency allowing you 90 days to file a petition with the United States Tax Court.
See Zikria v. Williams,535 F.Supp. 481 (W.D. Pa. 1982), wherein the Court noted a substantial difference between a letter being returned undelivered versus unclaimed. In that case, where the letter had been forwarded without delay, and remained unclaimed, the Court concluded that a notice originally mailed to a new address would have met with the same fate. The "proximate cause of the lack of actual notice was the plaintiffs' failure to claim the certified mail, not the incorrect address." 535 F.Supp. at 485↩.